Jeffrey D. Feldman (*Pro Hac Vice pending*)
jfeldman@cozen.com
Susan J. Latham (*Pro Hac Vice pending*)
slatham@cozen.com
COZEN O'CONNOR
One Biscayne Tower, 30th Fl.
2 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 397-0812
Facsimile:  (305) 720-2266

Nathan M. Dooley, Esq. (SBN 224331)
ndooley@cozen.com
Anna L. Heller, Esq. (SBN 299407)
aheller@cozen.com
Brett N. Taylor, Esq. (SBN 274400)
btaylor@cozen.com
COZEN O'CONNOR
601 South Figueroa Street, Suite 3700
Los Angeles, CA  90017
Telephone: (213)892-7900
Facsimile:  (213)892-7999

Attorneys for Defendant
UNIVERSAL HANDICRAFT, INC., d/b/a
"Deep Sea Cosmetics" d/b/a "Adore
Organic Innovations;" and Specially
Appearing Defendant SHAY SABAG
SEGEV

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA MOLLICONE, on behalf of herself, all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL HANDICRAFT, INC., d/b/a "Deep Sea Cosmetics" d/b/a "Adore Organic Innovations;" and SHAY SABAG SEGEV,<br><br>Defendants. | Case No.  2:16-cv-07322-CAS-MRW<br>The Honorable Christina A. Snyder<br><br>NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AGAINST SPECIALLY APPEARING DEFENDANT SHAY SABAG SEGEV; MEMORANDUM OF POINTS AND AUTHORITIES<br><br>[Filed concurrently with Declaration of Susan Latham; [Proposed] Order]<br><br>Date:  January 9, 2017<br>Time:  10:00 a.m.<br>Courtroom:  8D |

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on January 9, 2017 at 10:00 a.m.in Courtroom 8D of the above entitled court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, Specially Appearing Defendant Shay Sabag Segev ("Segev" or "Defendant") will and hereby does move this Court for an Order dismissing the Complaint pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure because a summons for Segev was never issued and Mr. Segev was not properly served under Federal, Florida, or California law.

Mr. Segev additionally moves for an order dismissing the Complaint against Mr. Segev pursuant to Rule 12(b)(6) for failure to state a claim.  Plaintiff's claims against Mr. Segev are based on an alter ego theory, and the Complaint asserts nothing but conclusory allegations to support this theory.

Additionally, the claims based on or grounded in fraud which include Count I-Intentional Fraud and Deceit, Count II - Fraud by Omissions/Suppression of Facts, Count III - Negligent Misrepresentations, Count IV - Rescission of Purchase Contracts Based on Fraudulent Inducement, Count XII - the False Advertising Law ("FAL"), Count XIII - the Unfair Competition Law (California Business and Professions Code § 17200 et seq.) ("UCL"), Count XIV - Violations of New Jersey's Consumer Fraud Act, and Count XV - Violations of New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act, are not sufficiently alleged to meet the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.

Plaintiff's CLRA claim against Mr. Segev should additionally be dismissed with prejudice because Plaintiff failed to give the proper pre-suit notice.

Finally, the claims against Segev should be dismissed under Rule 12(b)(1) and 12(b)(6) for the same reasons as set forth and fully briefed in the Motion to Dismiss of Defendant Universal Handicraft, Inc., d/b/a "Deep Sea Cosmetics" d/b/a/ "Adore Organic Innovations" (Dkt. No. 15), which is incorporated herein fully by reference.

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AGAINST
SPECIALLY APPEARING DEFENDANT SHAY SABAG SEGEV

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on November 25, 2016 and November 28, 2016.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed in support thereof, the Declaration of Susan Latham and attached exhibits, and all pleadings and papers on file in this action, and such other further matters as the Court may consider.

Dated:  December 2, 2016          COZEN O'CONNOR


By:     /s/  Anna L. Heller
        Jeffrey D. Feldman (*Pro Hac Vice pending*)
        Susan J. Latham (*Pro Hac Vice pending*)
        Nathan M. Dooley
        Anna L. Heller
        Brett N. Taylor
        Attorneys for Defendant
        UNIVERSAL HANDICRAFT, INC., d/b/a "
        Deep Sea Cosmetics" d/b/a "Adore Organic
        Innovations;" and Specially Appearing
        Defendant SHAY SABAG SEGEV

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT AGAINST
SPECIALLY APPEARING DEFENDANT SHAY SABAG SEGEV

# Table of Contents

Page

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ..................................... 1

II.  LEGAL ARGUMENT ...................................................................................... 4

    A.   Complaint Must Be Dismissed For Insufficient Service of Process under FRCP 12(b)(5) ........................................................................... 4

        1.   Legal Standard for Dismissal under 12(b)(5). .................... 4

        2.   Service is Improper Because Court Never Issued a Summons to Mr. Segev ............................................................. 5

        3.   Service is Improper Because it Does not Comply with Federal, California, or Florida Law ......................................... 6

        4.   Plaintiff's Unclean Hands Must Bar Any Opportunity to Cure the Defective Service ............................................... 7

    B.   Claims Against Mr. Segev Fail Under Rule 12(b)(6). ........................... 8

        1.   Complaint Fails to Plead Fraud with Particularity .......................... 9

        2.   Collective Treatment Of Defendants In Fraud Claims Requires Dismissal ......................................................... 12

        3.   Plaintiff Failed to Plead Sufficient Facts to Allege Alter Ego ................................................................... 14

    C.   Plaintiff Failed to Provide Pre-Suit Notice to Mr. Segev under Cal. Civ. Code §1782 ..................................................................... 17

    D.   Mr Segev Joins in Universal HandiCraft's Motion to Dismiss ............... 18

III. CONCLUSION ..................................................................................... 19

i

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alan Neuman Prods., Inc., v. Albright,*
    862 F.2d 1388 (9th Cir. 1988)................................................................10

*Amore ex rel. Estates of Amore v. Accor,*
    529 F. Supp. 2d 85 (D.D.C. 2008) .........................................................9

*Arroyo v. Chattem, Inc.,*
    926 F. Supp. 2d 1070 (N.D. Cal. 2012) ..........................................10, 11

*Ashcroft v. Iqbal,*
    555 U.S. 662 (2009)..........................................................................9, 15

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007)............................................................................8, 9

*Bravo v. County of San Diego,*
    No. C 12-06460 JSW, 2014 WL 555195 (N.D. Cal. Feb. 10, 2014)......................13

*Brockmeyer v. May,*
    383 F.3d 798 (9th Cir.2004)...................................................................5

*Chavez v. Nestle USA, Inc.,*
    No. CV 09-9192-GW CWX, 2011 WL 10565797 (C.D. Cal. Jan. 10, 2011)..................................................................................................11

*Conroy v. Regents of Univ. of California,*
    45 Cal. 4th 1244 (2009) ......................................................................10

*Davis v. Chase Bank U.S.A., N.A.,*
    650 F. Supp. 2d 1073 (C.D. Cal. 2009) ..........................................17, 18

*Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.,*
    840 F.2d 685 (9th Cir. 1988)..................................................................5

*Donohue v. Apple, Inc.,*
    871 F. Supp. 2d 913 (N.D. Cal. 2012) .................................................11

i

*Dull v. Wright*,
No. 15-CV-0083 W (NLS), 2015 WL 12564314 (S.D. Cal. Aug. 18, 2015)................................................................................................................14

*In re Focus Media Inc.*,
387 F.3d 1077 (9th Cir. 2004)...........................................................................5

*Glen Holly Entm't, Inc. v. Tektronix, Inc.*,
100 F. Supp. 2d 1086 (C.D. Cal. 1999) ..........................................................10

*Haas Automation, Inc. v. Denny*,
No. 2:12-CV-04779 CBM, 2013 WL 6502876 (C.D. Cal. Dec. 4, 2013)................................................................................................................14

*In re Hydroxycut Mktg. & Sales Practices Litig.*,
801 F. Supp. 2d 993 (S.D. Cal. 2011) .............................................................11

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009)....................................................................10, 11

*Laster v. T-Mobile USA, Inc.*,
407 F. Supp. 2d 1181 (S.D. Cal. 2005), aff'd, 252 F. App'x 777 (9th Cir. 2007) .........................................................................................................17

*Leek v. Cooper*,
194 Cal. App. 4th 399 (2011) ..........................................................................17

*Platten v. HG Bermuda Exempted Ltd.*,
437 F.3d 1181 (1st Cir. 2006) ..........................................................................14

*RCR Plumbing & Mech., Inc. v. ACE Am. Ins. Co.*,
No. EDCV 10–995 .............................................................................................5

*Salameh v. Tarsadia Hotel*,
726 F.3d 1124 (9th Cir. 2013)..........................................................................10

*Shenzhen Tech. Co. LTD v. Altec Lansing, LLC*,
No. 3:12-CV-2188-GPC-BGS, 2013 WL 6145553 (S.D. Cal. Nov. 21, 2013)................................................................................................................13

*Sklar v. Franchise Tax Board*
(1986) 185 Cal. App. 3d 616.......................................................................15, 16

ii

TABLE OF AUTHORITIES

*Soares v. Lorono,*
    No. 12-CV-05979-WHO, 2014 WL 723645 (N.D. Cal. Feb. 25, 2014) ................13

*Sonora Diamond Corp., v. Superior Court,*
    83 Cal. App. 4th 523 (2000) ......................................................... 15, 16, 17

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001).................................................................9

*Tiangang Sun v. China Petroleum & Chem. Corp. Ltd.,*
    No. CV 13-05355 BRO (EX), 2014 WL 11279466 (C.D. Cal. Apr. 15,
    2014).......................................................................................................5

*Universal Surface Tech., Inc. v. Sae–A Trading Am. Corp.,*
    No. CV 10–6972 CAS, 2011 WL 281020 (C.D.Cal. Jan. 26, 2011).........................4

*Vasey v. Cal. Dance Co.,*
    70 Cal. App.3d 742 (1977)..............................................................15

*Ward v. Pickett,*
    No. C-13-01735 DMR, 2013 WL 5496549 (N.D. Cal. Oct. 3, 2013)....................13

*Wright v. Oregon Metallurgical Corp.,*
    360 F.3d 1090 (9th Cir. 2004).............................................................9

**Statutes**

Cal. Civ. Code § 1709 ...........................................................................10

Cal. Civ. Code §1782 ......................................................................1, 17

Cal. Civ. Code §1782(a)(2) ...........................................................17, 18

Cal. Code Civ. Proc. §§ 415.20(b), 415.40......................................................7

California Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§
    1750, et seq.) ........................................................ 1, 2, 3, 10, 17, 18

California's False Advertising Law ("FAL") (Cal. Civ. Code §§ 17500,
    et seq.) .................................................................. 1, 2, 3, 10, 18

California Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §
    17200 et seq.) ..................................................... 1, 2, 10, 11

Fed. R. Civ. P., Rule 4.......................................................................1, 5

TABLE OF AUTHORITIES

Fed. R. Civ. P., Rule 4(a)(1)(B), (F), (G) ..................................................4

Fed. R. Civ. P., Rule 4(b) ...........................................................................4

Fed. R. Civ. P., Rule 4(1) .......................................................................5, 7

Fed. R. Civ. P., Rule 9(b) ..................................................................*passim*

Fed. R. Civ. P., Rule 12(b)(1) ..........................................................1, 3, 18

Fed. R. Civ. P., Rule 12(b)(5) ................................................................1, 4

Fed. R. Civ. P., Rule 12(b)(6) .......................................................1, 1, 3, 8

Fed. R. Civ. P., Rule 60(b) .........................................................................8

Federal Food, Drug and Cosmetics Act ("FDCA") ...........................2, 3, 19

Federal Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, et seq.) .........2, 3, 19

Fla. Stat. Ann. § 48.031 .............................................................................7

New Jersey's Consumer Fraud Act (N.J.S.A §§ 56:8-1) ......................2, 3, 18

New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act
   (N.J.S.A §§ 56:12-14 to 56:12-18) ...................................................2, 10

**Other Authorities**

L.R. 7-3 ......................................................................................................2

iv

TABLE OF AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Shay Sabag Segev ("Mr. Segev") respectfully moves this Court[1], pursuant to Fed. R. Civ. P., Rule 12(b)(5), Fed. R. Civ. P., Rule 12(b)(6) and Cal. Civ. Code §1782, for entry of an order dismissing the Complaint against him, and in support states as follows:

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

No summons has been issued by this Court to Mr. Segev. The only summons issued by the Court was to the corporate defendant. It reasonably appears that Plaintiff served Mr. Segev with an altered version of the summons issued to Universal Handicraft, Inc. ("UHI"), rather than making the effort to request that the Clerk issue a summons in the name of Mr. Segev. Accordingly, there can be no doubt that Plaintiff failed to serve Mr. Segev with the summons and complaint in accordance with the Federal Rules of Civil Procedure, California or Florida law. Similarly, Plaintiff also failed to provide the pre-suit notice to Mr. Segev for her CLRA claim as required by California Civil Code section 1782. Accordingly, this Court must dismiss the Complaint as to Mr. Segev pursuant to Rule 12(b)(5) for insufficient service of process. Moreover, this Court must dismiss the CLRA claims against Mr. Segev with prejudice due to Plaintiff's failure to provide pre-suit notice.

Furthermore, Plaintiff entirely failed to assert any individualized facts as to Mr. Segev. This is a generic consumer class action complaint. Mr. Segev appears to have been named solely for leverage. Plaintiff's alter ego theory alleges nothing more than legal conclusions. For these reasons as well, the Motion must be granted.

This class action complaint was brought by Plaintiff Lisa Mollicone ("Mollicone" or "Plaintiff"), a New Jersey resident, with regard to her purchase of certain Universal Handicraft's cosmetic products. Plaintiff alleges that she bought

---

1   Mr. Segev appears specially by filing this Motion to Dismiss because, as further explained herein, the Court lacks personal jurisdiction over him pursuant to Fed. R. Civ. P., Rule 12(b)(5). Should a summons ever be properly issued pursuant to Fed. R. Civ. P., Rule 4 and served upon him, Mr. Segev will further address the Court's lack of personal jurisdiction at that time.

UHI's Adore CELLMAX Kit and seeks damages, restitution, injunctive relief, declaratory relief, and attorneys' fees, on behalf of herself, a nationwide class, a direct-to-consumer class, a multi-state warranty class, a California class, and a New Jersey class. The unwieldy class claims are obviously untenable.

Plaintiff's claims are based on allegations that UHI and its president, Mr. Segev, made false and misleading representations regarding the Adore CELLMAX Kit and twenty-two allegedly substantially related products because the products do not "halt the aging process" and do not contain an exclusive plant stem cell formula, as advertised. Plaintiff also alleges that the products are sold unlawfully as an unapproved drug in violation of the Federal Food, Drug and Cosmetics Act ("FDCA").

The Complaint sets forth the following causes of action: (1) Intentional Fraud and Deceit; (2) Fraud by Omissions/Suppression of Facts; (3) Negligent Misrepresentation; (4) Rescission of Purchase Contracts Based on Fraudulent Inducement; (5) Rescission of Purchase Contracts Based on Illegality and Violations of Public Policy; (6) Quasi Contract/Unjust Enrichment; (7) Declaratory Relief; (8) Breach of Express Warranties; (9) Breach of the Implied Warranty of Merchantability; (10) Violations of the Federal Magnuson-Moss Warranty Act (15 U.S.C. §§ 2301, et seq.); (11) Violation of the California Consumer Legal Remedies Act ("CLRA") (Cal. Civ. Code §§ 1750, et seq.); (12) Violations of California's False Advertising Law (Cal. Civ. Code §§ 17500, et seq.); (13) Violation of California's Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code §§ 17200, et seq.); (14) Violation of New Jersey's Consumer Fraud Act (N.J.S.A §§ 56:8-1); and (15) Violation of New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA") (N.J.S.A §§ 56:12-14 to 56:12-18). (*See* Complaint, Dkt. No. 1. ("Compl.").) All of Plaintiff's claims fail as alleged against Mr. Segev.

Plaintiff simply lumps Mr. Segev together with UHI, a corporate entity, and makes generalized allegations that fail to state a claim for fraud and breach of contract. Plaintiff also vaguely asserts that the "Defendants" are jointly liable for the misconduct

alleged, but Plaintiff fails to provide any factual allegations supporting such theories. (Compl. ¶¶113-120.)  Plaintiff fails to plead any individualized allegations against, or attribute any specific misconduct, to Mr. Segev.  Plaintiff's entire complaint against Mr. Segev stems from her factually unsupported, and unsubstantiated claims of aiding and abetting (*id.* at ¶114), alter-ego liability (*id.* at ¶¶115-118) and corporate officer liability (*id.* at ¶¶119-120).   As such, Plaintiff's fraud-related claims are not plead with particularity as required under Rule 9(b).  Likewise, Plaintiff's other claims against Mr. Segev are not plead with sufficient facts to state a claim for relief under Rule 12(b)(6). In light of these pleading failures, Plaintiff's claims against Mr. Segev must be dismissed.

Plaintiff also lacks standing to bring claims for injunctive relief, claims regarding products she did not purchase, and claims under a nationwide class to the extent that her claims are based on state laws other than New Jersey's (where she is a resident) or California's (where she allegedly purchased the product).  Therefore, such claims must be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1).

Furthermore, Plaintiff's fraud claims must be dismissed because Plaintiff already asserted a contract claim under her breach of warranty counts and, under California law, fraud-based claims fail when they are based upon the same set of facts as a breach of contract claim, as they are here.  Accordingly, Plaintiff's fraud claims must be dismissed with prejudice.

Lastly, Plaintiff's claims below fail under Rule 12(b)(6) for the following reasons:

- The CLRA, UCL, FAL, and New Jersey Consumer Fraud Act claims fail because Plaintiff's allegations only support a claim for lack of substantiation, which is not actionable by a private plaintiff.
- The Magnuson-Moss Warranty Act claim fails because the products at issue are subject to their own regulatory scheme, the FDCA;

- To the extent all of Plaintiff's claims are predicated on the FDA Warning Letters and/or violations, they are barred under the theory of primary jurisdiction;
- Plaintiff's declaratory relief claim fails because it is duplicative of other claims in the Complaint; and
- Plaintiff's unjust enrichment claim is a request for relief under quasi-contract, not a stand-alone claim, and quasi-contract claims do not exist where there is an expressed contract alleged.

Therefore, as explained in further detail below, Defendant's motion to dismiss should be granted in its entirety.

## II.   **LEGAL ARGUMENT**

### A. **Complaint Must Be Dismissed For Insufficient Service of Process under FRCP 12(b)(5)**

Plaintiff's complaint against Mr. Segev must be dismissed under Rule 12(b)(5) because the Court has never issued a summons to him and Plaintiff did not properly serve him under federal, California, or Florida law.

### 1.   **Legal Standard for Dismissal under 12(b)(5).**

A complaint may be dismissed for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. *See Universal Surface Tech., Inc. v. Sae–A Trading Am. Corp.,* No. CV 10–6972 CAS (PJWx), 2011 WL 281020, at *1 (C.D.Cal. Jan. 26, 2011).   FRCP Rule 4(b) states that: "On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal.  If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. *A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served.*" Fed. R. Civ. P. 4(b).  A summons must be directed to the specific defendant and must be signed by the clerk and bear the court's seal.  Fed. R. Civ. P. 4(a)(1)(B), (F), (G).

4

Without proper service of process, a court lacks personal jurisdiction over a defendant. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) ("A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed.R.Civ.P. 4."); *see also In re Focus Media Inc.,* 387 F.3d 1077, 1081 (9th Cir. 2004) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." ) (*quoting Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987))). "While Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction absent substantial compliance with its requirements. *Tiangang Sun v. China Petroleum & Chem. Corp. Ltd.,* No. CV 13-05355 BRO (EX), 2014 WL 11279466, at *4 (C.D. Cal. Apr. 15, 2014) (internal citations omitted).

Once the sufficiency of service of process is challenged, the plaintiff bears the burden of establishing that service, and the court's jurisdiction, is valid. *See Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir.2004). In reviewing a motion to dismiss for insufficient service of process, the court may consider affidavits and other evidence submitted by a defendant. *See RCR Plumbing & Mech., Inc. v. ACE Am. Ins. Co.,* No. EDCV 10–995 VAP (DTBx), 2011 WL 2412556, at *5 (C.D.Cal. Jun. 3, 2011).

2.     **Service is Improper Because Court Never Issued a Summons to Mr. Segev**

First and foremost, this Court never signed, sealed, or issued a summons to Mr. Segev in accordance with Rule 4(1). On September 30, 2016, Plaintiff applied for issuance of a summons, leaving the "To" field blank. (*See* Request for Clerk to Issue Summons on Complaint, Dkt. No. 4.) The Clerk of this Court rejected that application, issuing a Notice of Deficiency on October 3, 2016, instructing, *inter alia*, the Plaintiff that "[t]he defendant's name must appear in the 'To:' section of the summons." (*See* Notice of Deficiencies in Request to Issue Summons, Dkt. No. 7.) Consequently,

5

Plaintiff filed a new application for summons wherein the name "Universal Handicraft, Inc." was inserted into the "To:" field. (*See* Request for Clerk to Issue Summons on Complaint, Dkt. No. 8.) Plaintiff did not file any other applications for issuance of a summons.

As a result, this Court issued only one summons, which was addressed to Universal Handicraft. (*See* 21-Day Summons Issued re Complaint 1 as to Defendant Universal Handicraft, Inc, Dkt. No. 9, also attached as Exhibit C to Declaration of Susan Latham ("Latham Decl.") filed concurrently.) On November 15, 2016, upon inquiry, the Clerk confirmed such facts, stating: "Please be advised our court docket doesn't reflect an issued summons to Mr. Segev…" (Latham, ¶ 5 and Exhibit B.) Therefore, because this Court never issued a summons to Mr. Segev, he could not have been validly served. Accordingly, this Motion must be granted.

### 3.   Service is Improper Because it Does not Comply with Federal, California, or Florida Law.

Nevertheless, on November 28, 2016, Plaintiffs filed a "Proof of Service of Summons and Complaint on Defendant Shay Sabag Segev" with this Court ("Proof of Service on Segev"). (*See* Proof of Service, Dkt. 13, also attached to Latham Decl.,¶ 6 and Exhibit C.). Notably, the Proof of Service on Mr. Segev shows only a summons to "Universal Handicraft" and a declaration stating that Mr. Segev was served through substitute service upon a random individual (Vi Sorrentino) designated by the process server as an employee at a specific address with no explanation of who the employee works for, whether he or she was a person apparently in charge, whether she was over the age of eighteen years old, or why he or she is authorized to accept service on behalf of the individual defendant, Mr. Segev (*i.e.*, who authorized that employee to accept service on behalf of Mr. Segev, individually). (*Id.*) There is no mention of whether the employee worked for Mr. Segev or UHI or neither. The Proof of Service on Segev also does not describe any prior attempts to serve Mr. Segev at his dwelling or usual place of abode. (*Id.*) Lastly, the Proof of Service on Mr. Segev does not state that a copy of

6

MEMORANDUM OF POINTS AND AUTHORITIES

the summons and complaint were mailed to Mr. Segev at this same address, as required under California law in order to effect substitute service, (Cal. Code Civ. Proc. §§ 415.20(b), 415.40), nor does the method of service conform to Florida laws regarding substitute service of process. Fla. Stat. Ann. § 48.031.

In sum, it is clear from this Court's docket that Plaintiff never requested that a Summons be issued to Mr. Segev and that the Clerk never issued a Summons to Mr. Segev. The Proof of Service on Mr. Segev also shows that the summons purportedly served upon Mr. Segev does not conform to the requirements of FRCP 4(1), because the summons Plaintiff claims to have served upon Mr. Segev was issued to UHI, *not to Mr. Segev*. Therefore, Plaintiff has failed to properly serve Mr. Segev and Plaintiff's Complaint against Mr. Segev should be dismissed.

### 4. Plaintiff's Unclean Hands Must Bar Any Opportunity to Cure the Defective Service

Notably, there is a substantial and disturbing discrepancy between what Plaintiff's process server served to Mr. Segev (*through Vi Sorrentino*) and what Plaintiff filed with this Court as Proof of Service on Mr. Segev. (*Compare* Latham Decl., ¶ 4 and Exhibit A, *to* Latham Decl. ¶ 6 and Exhibit C.)

On or about October 28, 2016, a process server handed to Vi Sorrentino a summons addressed to Shay Sabag Segev. (Latham Decl., ¶ 4 and Exhibit A.) However, as explained above, the Clerk was never requested to and never did issue a summons to Mr. Segev. Therefore, it reasonably appears that what Plaintiff had served upon Mr. Segev, by way of Vi Sorrentino, was a doctored-up version of the summons issued to the corporate defendant, UHI. Indeed, the docket entry number at the top of the doctored version is the same as for the summons issued to UHI, but the name in the "To:" field is different as it states "Shay Sabag Segev." Additionally, the version served upon Mr. Sorrentino for Mr. Segev bears a black and white seal and signature. (*Id.*)

Given that the Clerk confirmed that no summons was issued to Mr. Segev, there is no other reasonable explanation except that the Plaintiff altered the summons issued

7

to UHI to, instead, reflect Mr. Segev's name.  By doing so, Plaintiff and her counsel have committed a fraud upon Mr. Segev and this Court.  Indeed, by means of serving the doctored summons, Plaintiff represented to Mr. Segev that the Clerk of this Court had issued legal process to him containing the official seal and signature of this Court and that, thereby, Mr. Segev was obligated to respond to Plaintiff's Complaint or suffer legal consequences by default.

Similarly, by self-issuing a doctored summons to Mr. Segev using the Court's seal and the Clerk's signature, the Plaintiff has also committed a fraud upon this Court.  Furthermore, by serving a doctored summons but filing a different summons with the Court with her Proof of Service on Mr. Segev, Plaintiff attempted to cover-up the fraud she committed against Mr. Segev and, thereby, has exacerbated the fraud upon this Court.  (*Compare* Latham Decl., ¶ 4 and Exhibit A, *to* Latham Decl. ¶ 6 and Exhibit C.)

Consequently, Plaintiff comes into this Court with unclean hands and should not be permitted to request a summons be issued to Mr. Segev and cure the improper service.  Additionally, pursuant to Rule 60(b), upon motion and just terms, the court may relieve Mr. Segev from a judgement, order or proceeding in an action for fraud, misrepresentation, or misconduct perpetrated by a plaintiff.  As a result of Plaintiff's fraud upon this Court, Plaintiff's claims should be dismissed.

## B. **Claims Against Mr. Segev Fail Under Rule 12(b)(6).**

Pursuant to Rule 12(b)(6), a "plaintiff's obligation to provide the 'grounds' of 'his entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.  The district court need not accept as true unreasonable inferences or conclusory legal allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  Because they are not entitled to the assumption of truth, the

1  court should dismiss pleadings that are no more than conclusions.  *Ashcroft v. Iqbal*,

2  555 U.S. 662, 678-79 (2009).

3        The necessary factual allegations must state a claim for relief that is "plausible

4  on its face." *Iqbal*, 555 U.S. at 678.  The plausibility standard requires "more than a

5  sheer possibility that a defendant has acted unlawfully."  *Id*.  Allegations in the

6  complaint are not "plausible" if they contradict one another or contradict facts that are

7  established by the very documents on which a plaintiff relies.  *See Amore ex rel. Estates

8  of Amore v. Accor*, 529 F. Supp. 2d 85, 94 (D.D.C. 2008) (citing *Kaempe v. Myers*, 367

9  F.3d 958, 963 (D.C. Cir. 2004)).   Even before *Twombly* and *Iqbal*, it was well

10  established that courts were "not required to accept as true conclusory allegations which

11  are contradicted by documents referred to in the complaint."  *Wright v. Oregon

12  Metallurgical Corp.*, 360 F.3d 1090, 1096 (9th Cir. 2004).

13        Here, Plaintiff fails to plead any individualized allegations against Mr. Segev.

14  Further, Plaintiff fails to attribute any specific misconduct to Mr. Segev.  Plaintiff

15  vaguely lumps Mr. Segev in with UHI as the "Defendants," and without supporting

16  facts asserts the conclusion that Mr. Segev "personally participated in, directed, and

17  controlled the sales, distribution, manufacturing, and advertising of the Adore

18  Products." (Compl. ¶24.)  Plaintiff's entire complaint against Mr. Segev stems from

19  her factually unsupported, and unsubstantiated claims of aiding and abetting (*id.* at

20  ¶114), alter-ego liability (*id.* at ¶¶115-118) and corporate officer liability (*id.* at ¶¶119-

21  120), and therefore, her complaint must be dismissed.

            **1.**    **Complaint Fails to Plead Fraud with Particularity**

22        Plaintiff fails to plead her fraud-based claims with sufficient particularity against

23  Mr. Segev.  The elements of a claim for fraud are: "(1) a misrepresentation, (2) with

24  knowledge of its falsity, (3) with the intent to induce another's reliance on the

25  misrepresentation, (4) justifiable reliance, and (5) resulting damage."  *Conroy v.

26  Regents of Univ. of California*, 45 Cal. 4th 1244, 1254 (2009); Cal. Civ. Code § 1709.

27

28

Rule 9(b) of the Federal Rules of Civil Procedure mandates that a plaintiff alleging fraud must "state with particularity the circumstances constituting fraud or mistake," including "the who, what, when, where, and how of the misconduct charged." *Id.* (citing *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)); *see also Salameh v. Tarsadia Hotel,* 726 F.3d 1124, 1133 (9th Cir. 2013). In other words, "the pleader must state the time, place and specific content of the false representations as well as the identities of the parties to the representation." *Alan Neuman Prods., Inc., v. Albright*, 862 F.2d 1388, 1392-93 (9th Cir. 1988); *see also Arroyo v. Chattem, Inc.,* 926 F. Supp. 2d 1070, 1077 (N.D. Cal. 2012) (plaintiffs also must plead with particularity the role of each defendant in the alleged fraud).

Additionally, a plaintiff must also set forth "what is false and misleading about a statement and why it is false," (*Glen Holly Entm't, Inc. v. Tektronix, Inc.,* 100 F. Supp. 2d 1086, 1094 (C.D. Cal. 1999)), and the circumstances surrounding the plaintiff's reliance on the statements. *See Kearns,* 567 F.3d at 1125 (holding that the complaint did not meet the standard of Rule 9(b) partly because the plaintiff failed to specify when he was exposed to the allegedly fraudulent advertisements, which ones he found material, and on which ones he relied). The same requirement of particularity applies to any claim grounded in, or based on, fraud. *See Arroyo v. Chattem, Inc.,* 926 F. Supp. 2d 1070, 1077 (N.D. Cal. 2012).

In addition to her various other claims, Plaintiff's Complaint alleges Intentional Fraud and Deceit (Compl. ¶¶ 128-142); Fraud by Omissions/Suppression of Facts (*id.* at ¶¶ 143-151); Negligent Misrepresentations (*id.* at ¶¶ 152-160); Rescission of Purchase Contracts Based on Fraudulent Inducement (*id.* at ¶¶ 161-170); violations of the Consumer Legal Remedies Act (*id.* at ¶¶ 217-233), the False Advertising Law, (*id.* at ¶¶ 234-241), and the Unfair Competition Law (California Business and Professions Code § 17200 et seq.); and violations of New Jersey's Consumer Fraud Act and Truth-in-Consumer Contract, Warranty and Notice Act (*id.* at ¶¶ 260-277). These claims are based on, or grounded in, Plaintiff's accusations of fraudulent misconduct.

1   Consequently, they must meet the heightened pleading requirement of Rule 9(b).  *See*
2   *Kearns v. Ford Motor Co.,* 567 F.3d 1120 (9th Cir. 2009) (holding Rule 9(b) applied to
3   the plaintiff's claims under California's Unfair Competition Law because Plaintiff's
4   claim that Ford made false and misleading statements regarding its Certified Pre–
5   Owned vehicles to purchasers was in fact alleging that Ford engaged in a fraudulent
6   course of conduct.);  *see also In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F.
7   Supp. 2d 993, 1005-06 (S.D. Cal. 2011) (dismissing consumer protection claims under
8   similar grounds as *Kearns*); *Arroyo*,  926 F. Supp. at 1077 (finding that because all of
9   Plaintiff's claims were grounded in accusations of fraudulent conduct, she must satisfy
10  the particularity requirement of Rule 9(b)).

11       In *Donohue v. Apple, Inc.*, 871 F. Supp. 2d 913, 925 (N.D. Cal. 2012), the court
12  dismissed consumer protection claims because the plaintiffs' allegations did not include
13  enough detail in the Complaint.  Although plaintiff alleged that a product display at a
14  store falsely appeared to function properly, he did not indicate what it specifically
15  depicted or how he relied on the information conveyed in making his purchase.  *See id.*
16  at 925; *see also Chavez v. Nestle USA, Inc.*, No. CV 09-9192-GW CWX, 2011 WL
17  10565797 at *8 (C.D. Cal. Jan. 10, 2011) (dismissing claims because the complaint did
18  not specify when plaintiffs bought the products, what representations they saw, when
19  they viewed them, or how they relied on them).

20       Here, Plaintiff's Complaint provides little detail and fails to plead who made the
21  allegedly false representations, whether the representations were made with knowledge
22  of their falsity, when Plaintiff read or heard the representations, and how Plaintiff's
23  reliance on them was justifiable.  Throughout the Complaint, Plaintiff refers vaguely to
24  representations and false claims made on the company's website and in articles, but
25  fails to identify the specific content of the statements or the specific products to which
26  they refer, or the time she spent reviewing the statements.

27       Plaintiff also fails to attribute any specific misconduct to Mr. Segev.  Indeed,
28  Plaintiff's mere conclusions that Mr. Segev "authorized, directed, or participated in

11

such acts notwithstanding the fact that he acted as an agent of the corporation," are based on one article allegedly accessed on www.specialtyretail.com which purports to quote Mr. Segev. (*See* Compl. ¶120.)  Plaintiff states, "For example, Segev was quoted making the following Representations and Warranties about the Adore Products: 'Stem Cells Prevent Aging', 'Scientists have found that the stem cells of apples are similar to the stem cells in human beings', 'through the use of biotechnology, science is able to utilize these fruit stem cells using them in cosmetics so they are able to penetrate the skin.'" (*Id.* at ¶120.)  Notably, however, Plaintiff incorrectly avers that Mr. Segev made these representations "*about* the Adore Products," which is patently false because nowhere in the paragraph Plaintiff quoted does Mr. Segev reference the Adore Products, let alone the Cellmax Kit that Plaintiff alleges to have purchased.

In addition, Plaintiff does not aver that Mr. Segev, individually, was present when she made the alleged purchase, that he made any representations about the Adore products to her, or that she ever read and relied on any such representations prior to allegedly purchasing the products. (*Id.*)  Plaintiff provides no other details about how Mr. Segev individually authorized, directed, or participated in the alleged misconduct that supports her claims grounded in fraud.  Instead, Plaintiff relies on vague, sweeping generalizations about "Defendants."  Plaintiff's claims are based on allegedly false, misleading and deceptive representations, yet she entirely fails to identify the alleged misrepresentations with sufficient detail.  Because Plaintiff has not provided the specificity required for all fraud-based claims, her claims against Mr. Segev must be dismissed.

### 2. Collective Treatment Of Defendants In Fraud Claims Requires Dismissal

Under Federal Rule of Civil Procedure 9(b), when multiple defendants are sued in connection with an allegedly fraudulent scheme, a plaintiff cannot "merely lump multiple defendants together" but, rather, must differentiate the allegations and "inform each defendant separately of the allegations surrounding his alleged participation in the

12

fraud." *Soares v. Lorono*, No. 12-CV-05979-WHO, 2014 WL 723645 (N.D. Cal. Feb. 25, 2014) (citing *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007)). At a minimum, the plaintiff must "identify the role of each defendant in the alleged fraudulent scheme." *Id.*

For example, in *Bravo v. County of San Diego*, No. C 12-06460 JSW, 2014 WL 555195 (N.D. Cal. Feb. 10, 2014), the plaintiff grouped all defendants together and failed to allege which ones engaged in the misconduct he claimed. Therefore, the court found that he failed to provide them with fair notice of the claims against them. Likewise, the court dismissed fraud claims in *Ward v. Pickett*, 2013 WL 5496549 (N.D. Cal. Oct. 3, 2013) because the general allegations failed to identify the defendant's role in the alleged fraud and any actions she took to participate in it. *See also Shenzhen Tech. Co. LTD v. Altec Lansing, LLC*, No. 3:12-CV-2188-GPC-BGS, 2013 WL 6145553 at *6 (S.D. Cal. Nov. 21, 2013) (dismissing fraud and negligent misrepresentation claims because plaintiff failed to identify participation or connection with the alleged misrepresentation).

Here, only once in the massive, seventy-page Complaint, does Plaintiff even vaguely refer to any misconduct on the part of Mr. Segev in an attempt to support her conclusory allegation that he: "authorized, directed, or participated in" the alleged conduct alleged of UHI, and such reference is a misstatement of evidence at best. (Compl. ¶120.) Indeed, the closest Plaintiff gets to making a specific allegation as to Mr. Segev's conduct is where Plaintiff states, "Segev was quoted making the following Representations and Warranties *about* the Adore Products: 'Stem Cells Prevent Aging'", "Scientists have found that the stem cells of apples are similar to the stem cells in human beings", "through the use of biotechnology, science is able to utilize these fruit stem cells using them in cosmetics so they are able to penetrate the skin." (*Id.*) (emphasis added.) However, as explained above, the referenced exhibits shows that the alleged quote was not "*about* the Adore Products," because nowhere in the purported quote does Mr. Segev mention Adore products. (*Id.*)

13

Under applicable precedent, Plaintiff's failure to differentiate among Defendants UHI and Mr. Segev results in her failure to adequately inform them of their alleged roles in the unspecified fraud and other alleged misconduct.  Indeed, this failure to differentiate makes it impossible for Mr. Segev to meaningfully respond.  Accordingly, all of Plaintiff's claims against Mr. Segev must be dismissed.

### 3.   Plaintiff Failed to Plead Sufficient Facts to Allege Alter Ego

In an attempt to involve Defendant Mr. Segev, an individual who has no connection to the asserted claims other than his position within the company, Plaintiff vaguely lumps together UHI and Mr. Segev into one, but fails to allege the elements of Plaintiff's "Alter-Ego" theory.  Plaintiff makes the naked and conclusory allegation that there is a "unity of interest and ownership" among the defendants, such that "any sense of independence is non-existent."  (Compl. ¶ 118.)  Further, Plaintiff claims in a conclusory fashion that Mr. Segev "abused its organizational form as corporation to accomplish fraudulent objects, namely, to fraudulently promote the sale of Adore Products, to conceal the proceeds of those frauds, and to frustrate the ability of victims to obtain redress for the fraud." (*Id.* at ¶117.)

Normally, a corporation is regarded as a legal entity separate and distinct from its shareholders, officers or directors. *See Haas Automation, Inc. v. Denny*, 2013 WL 6502876 (C.D. Cal. Dec. 4, 2013) (internal citation omitted); *see also Dull v. Wright,* No. 15-CV-0083 W (NLS), 2015 WL 12564314, at *3 (S.D. Cal. Aug. 18, 2015).  There is a presumption of corporate separateness that must be overcome by clear evidence. *See Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 1181, 119 (1st Cir. 2006). Generalized allegations that a corporation is the "alter ego" of the individual stockholders are insufficient to justify disregarding the corporate entity, in the absence of allegations of facts *from which it appears* that justice cannot otherwise be accomplished.  *Vasey v. Cal. Dance Co.*, 70 Cal. App.3d 742, 749 (1977).  Legal conclusions, rather than factual allegations, do not suffice. *See, e.g., Sklar v. Franchise*

14

*Tax Board*, 185 Cal. App. 3d 616, 621 (1986) (allegations that conduct was "impermissible," "improper" and "arbitrary and capricious, contrary to law and an abuse of discretion," are legal conclusions);   *Dull*, 2015 WL 12564314, at *4 (finding that the complaint's factual allegations were simply "too vague and conclusory" to establish alter-ego liability).

The United States Supreme Court has unambiguously held that a claim only "has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  As the Court instructed, proper pleading "demands more than an unadorned . . . accusation.  A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice it if it tenders naked assertions devoid of further factual enhancement." *Id.*

"In California, two conditions must be met before the alter ego doctrine will be invoked.  First, there must be such a unity of interest between the corporation and its equitable owner that the separate personalities of the corporation and the shareholder do not in reality exist.  Second, there must be an inequitable result if the acts in question are treated as those of the corporation alone." *Sonora Diamond Corp., v. Superior Court*, 83 Cal. App. 4th 523, 538 (2000).  There are numerous factors that must be considered when deciding whether to invoke the alter ego doctrine.  These include: the use of the same office or employees, commingling of funds, a lack of corporate formalities and whether the corporations have the same officers and directors.  *Sonora Diamond Corp.*, 83 Cal. App. 4th at 538-539.  No one factor is determinative, the court must view all the facts and circumstances when determining whether to apply the doctrine.  *Id.*  Nevertheless, "[a]lter ego is an extreme remedy, sparingly used." *Id.* at 539.

Here, Plaintiff has entirely failed to allege any facts to satisfy either the first or second prong of the "alter ego" test, and her legal conclusions do not suffice.  *Sklar v.*

15

*Franchise Tax Board,* 185 Cal.App.3d 616, 621 (1986).  Plaintiff claims a "unity of interest" exists and decries an "abuse of the organizational form" in the most conclusory fashion, launching one unsubstantiated allegation after another.  (Compl. ¶¶116-118.) As shown below, the allegations are apropos of nothing, often attacking what amount to the most routine of corporate activities.  Consider the following unsubstantiated and conclusory allegations upon which Plaintiff bases her Complaint:

- that Mr. Segev founded Universal Handicraft, Inc. and it is essentially wholly owned by Mr. Segev, who serves as the President of the company.  This legality establishes no entitlement to pierce the corporate veil. (*See id.* at ¶¶ 24, 117.)

- that Mr. Segev "exercises total operational control and decision making power over all business activities at Universal Handicraft, including but not limited to product origination and development; product marketing, sales, and promotion; accounting and finance; product distribution; public and media relations; business development and strategy; vendor and third-party relationship; and contract negotiations."  Again, Plaintiff provides no facts to demonstrate such or that these activities are anything other than routine corporate activities.  Likewise, Plaintiff fails to aver facts that plausibly show a lack of corporate formalities, commingling of funds, or undercapitalization to justify her alter-ego theory. (*Id.* at ¶ 118.)

- that "Segev actually participated in the conduct alleged in this complaint… because he authorized, directed, or participated in such acts notwithstanding the fact that he acted as an agent of the corporation."  As illusory and failed support for this allegation, Plaintiff merely refers to a snippet of an article which does not even refer to the Adore products at issue here. (*Id.* at ¶ 120.)

Additionally, the second prong of the "Alter-ego" test requires that an inequitable result occur by the recognition of the corporate form.  *Sonora Diamond Corp. v. Superior Court,* 83 Cal. App. 4th 523, 539 (2000).  Here, there is no cognizable allegation as to any inequitable result created by recognition of UHI's corporate form. Even if Plaintiff had alleged some inability by UHI to satisfy a potential judgment against it as a basis for her alter-ego claim, it is well-established that inability of a corporate debtor to pay a judgment is not enough to find inequitable conduct.  *Sonora Diamond Corp,* 83 Cal. App. 4th at 539; *Leek v. Cooper,* 194 Cal. App. 4th 399, 418 (2011) ("Difficulty in enforcing a judgment does not alone satisfy this element.")  While

16
MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff conclusory alleges the ultimate legal elements of alter ego liability, there are no ultimate facts alleged to support this conclusion.   Accordingly, this Court must dismiss Plaintiff's Complaint.

### C. **Plaintiff Failed to Provide Pre-Suit Notice to Mr. Segev under Cal. Civ. Code §1782**

California Civil Code section 1782 requires that "thirty days or more" prior to commencing an action "for damages" under the Consumer Legal Remedies Act, the "consumer" plaintiff "shall" notify the potential defendant "of the particular alleged violations of Section 1770" and demand that he or she "correct, repair, replace or otherwise rectify the goods or services alleged to be in violation of Section 1770." "The notice shall be in writing and shall be sent by certified or registered mail, return receipt requested, to the place where the transaction occurred or to the person's principal place of business within California."   Cal. Civ. Code §1782(a)(2).   The procedural requirements of Section 1782 are strictly adhered to by dismissing a claim with prejudice.   *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009) (plaintiff did not provide notice according to Section 1782 and court dismissed CLRA claim with prejudice); *see also Laster v. T-Mobile USA, Inc.,* 407 F. Supp. 2d 1181, 1196 (S.D. Cal. 2005), aff'd, 252 F. App'x 777 (9th Cir. 2007) ("§ 1782 scrupulously prohibits any action for damages unless its notice provisions are met… the Legislative goals would be eviscerated if consumers were allowed to sue for damages without first providing the statutorily mandated period for remediation. Plaintiffs' claim for damages is therefore dismissed with prejudice.")

Here, Plaintiff's pre-suit notice was sent to and received solely by UHI, as shown in Exhibit 21 to Plaintiff's Complaint.   Indeed, the sole return receipt reflects receipt only by Adore Organic Innovation.   (Exhibit 21 attached to Compl., Dkt. No. 1-21.) Plaintiff does not aver any fact showing that Mr. Segev was ever notified pursuant to Section 1782(a)(2).

17

Notably, even actual notice of a CLRA claim is not sufficient. *Davis v. Chase Bank U.S.A., N.A.*, 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009). Moreover, based on Plaintiff's failure to allege facts to support her alter ego theory of liability against Mr. Segev, Plaintiff's notice to UHI cannot suffice as notice to Mr. Segev. As a result, Plaintiff failed to adhere to the strict notice requirements for her CLRA claims and, therefore, her complaint against Mr. Segev must be dismissed with prejudice.

### D. **Mr. Segev Joins in Universal HandiCraft's Motion to Dismiss**

Mr. Segev hereby joins and adopts the following arguments, fully briefed by UHI within its Motion to Dismiss filed concurrently (*see* Universal HandiCraft's Motion to Dismiss, Dkt. No. 15), incorporated by reference as if fully set forth herein:

- Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) for lack of standing to seek injunctive relief under her declaratory relief claim, her CLRA claims, under California's False Advertising Law, and under New Jersey's Consumer Fraud Act. Additionally, Plaintiff's claims should be dismissed because she lacks standing to assert claims with regard to any products she did not actually purchase. Finally, Plaintiff's claims should be dismissed because she lacks standing to bring claims under the laws of states in which Plaintiff neither resides nor purchased the products at issue.

- Plaintiff's CLRA, UCL, FAL, and New Jersey Consumer Fraud Act Claims should be dismissed because Plaintiff's allegations within the Complaint only support a claim for lack of substantiation, which is not actionable by a private plaintiff.

- The Magnuson-Moss Warranty Act Claim fails because the products at issue are subject to their own regulator scheme, the FDCA;

- To the extent all of Plaintiff's claims are predicated on the FDA Warning Letters and/or violations, they are barred under the theory of primary jurisdiction;

18

MEMORANDUM OF POINTS AND AUTHORITIES

- Plaintiff's declaratory relief claim fails because it is duplicative of other claims in the complaint; and
- Lastly, Plaintiff's unjust enrichment claim is a request for relief under quasi-contract, not a stand-alone claim, and quasi-contract claims do not exist where there is an expressed contract alleged.

## III.   CONCLUSION

For the foregoing reasons, Specially Appearing Defendant Mr. Segev respectfully requests that the Court dismiss Plaintiff's Complaint with prejudice.

Dated:  December 2, 2016            COZEN O'CONNOR

By:    /s/  Anna L. Heller
       Jeffrey D. Feldman (*Pro Hac Vice pending*)
       Susan J. Latham (*Pro Hac Vice pending*)
       Nathan M. Dooley
       Anna L. Heller
       Brett N. Taylor
       Attorneys for Defendant
       UNIVERSAL HANDICRAFT, INC., d/b/a "
       Deep Sea Cosmetics" d/b/a "Adore Organic
       Innovations;" and Specially Appearing
       Defendant SHAY SABAG SEGEV

MEMORANDUM OF POINTS AND AUTHORITIES