UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 25, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    (IN CHAMBERS) - PLAINTIFF LISA MOLLICONE'S EX PARTE APPLICATION TO CONTINUE THE LOCAL RULE 23-3 DEADLINE FOR THE FILING OF A MOTION FOR CLASS CERTIFICATION (Dkt. 34, filed January 11, 2017)

On September 29, 2016, plaintiff Lisa Mollicone filed a class action complaint against Defendants Shay Sabag Segev and Universal Handicraft, Inc. ("UHI"), doing business as Deep Sea Cosmetics and Adore Organic Innovations. Dkt. 1 ("Complaint"). On December 19, 2016, plaintiff filed a first amended complaint. Dkt. 25 ("FAC").

On January 11, 2017, plaintiff filed an ex parte application to continue the deadline to file a motion for class certification, which she asserts was set for January 13, 2017 – ninety days after plaintiff served UHI with the Complaint. Dkt. 34; see C.D. Cal. L.R. 23-3. On January 12, defendants filed an opposition to plaintiff's ex parte application, arguing, inter alia, that the proper deadline for a motion for class certification is March 20, 2017 – ninety days after plaintiff filed her FAC. Dkt. 36.

Local Rule 23-3 provides:

> Within 90 days after service of a pleading *purporting to commence a class action* other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 et seq., the proponent of the class shall file a motion for certification that the action is maintainable as a class action, unless otherwise ordered by the Court.

C.D. Cal. L.R. 23-3 (emphasis added). Therefore, plaintiff is correct that her deadline to file a motion for class certification was January 13, 2017. However, under Federal Rule of Civil Procedure 6(b)(1)(A), "the court may, for good cause, extend the time [within which a motion must be filed] . . . if the request is made before the original time or its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 25, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

extension expires." The Ninth Circuit has recently "note[d] that the schedule contemplated by Central District of California Local Rule 23-3, when considered alongside federal rules regarding status conferences and the timing of discovery, is quite unrealistic in light of recent case law regarding the need to establish a sufficient factual record at the class certification stage." Balser v. Hain Celestial Grp., Inc., 640 F. App'x 694, 696 (9th Cir. 2016). Furthermore, it appears that defendants do not oppose a continuance of the deadline to March 20, 2017. Therefore, the Court continues the deadline for filing a motion for class certification to March 20, 2017, without prejudice to plaintiff's seeking a further continuance upon a showing of good cause.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |