UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|----------|--------------------------|------|------------------|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE

| Connie Lee | Laura Elias | N/A |
|------------|-------------|-----|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|-----------------------------------|-----------------------------------|
| Michael Houchin | Nathan Dooley |

**Proceedings:** DEFENDANT UNIVERSAL HANDICRAFT, INC.'S MOTION TO DISMISS (Dkt. 28, filed December 30, 2016)

SPECIALLY APPEARING DEFENDANT SHAY SABAG SEGEV'S MOTION TO DISMISS (Dkt. 29, filed December 30, 2016)

## I. INTRODUCTION

On September 29, 2016, plaintiff Lisa Mollicone filed a class action complaint against Defendants Shay Sabag Segev and Universal Handicraft, Inc. ("UHI"), doing business as Deep Sea Cosmetics and Adore Organic Innovations. Dkt. 1.

On December 19, 2016, plaintiff filed a first amended complaint. Dkt. 25 ("FAC"). As a result, on December 20, 2016, the Court denied defendants' pending motions to dismiss, dkts. 15, 17, as moot. Dkt. 26.

In the FAC, plaintiff asserts fifteen claims on behalf of herself and all others similarly situated: (1) intentional fraud and deceit, pursuant to California Civil Code §§ 1709–1711 "and similar state laws"; (2) fraud by omission and suppression of facts, pursuant to California Civil Code § 1710(3) "and similar state laws"; (3) negligent misrepresentation; (4) rescission of purchase contracts based on fraudulent inducement; (5) rescission of purchase contracts based on illegality and violations of public policy; (6) quasi-contract/unjust enrichment; (7) declaratory relief pursuant to 28 U.S.C. §§ 2201–2202; (8) breach of express warranties; (9) breach of the implied warranty of merchantability; (10) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 et seq.; (11) violations of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.; (12) violations of California's False Advertising Law ("FAL"), Cal. Civ. Code. §§ 17500 et seq.; (13) violations of California's Unfair

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (14) violations of
New Jersey's Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1 et seq.; and
(15) violations of New Jersey's Truth-in-Consumer Contract Warranty and Notice Act
("TCCWNA"), N.J. Stat. Ann. §§ 56:12-14–56:12-18. The gravamen of plaintiff's
claims is that defendants made false and misleading representations regarding the anti-
aging properties of cosmetic products that defendants manufacture, market, and sell.

On December 30, 2016, defendants filed the instant motions to dismiss plaintiff's
FAC. Dkts. 28 ("UHI MTD"), 29 ("Segev MTD"). On January 9, 2017, plaintiff filed
her oppositions to defendants' motions to dismiss. Dkts. 31 ("Opp'n to Segev"), 32
("Opp'n to UHI"). On January 13, 2017, defendants filed their replies. Dkts. 37 ("UHI
Reply"), 38 ("Segev Reply").

Having carefully considered the parties' arguments, the Court finds and concludes
as follows.

## II.    BACKGROUND

Plaintiff alleges the following facts.

UHI is a corporation that sells, distributes, manufactures, and advertises a line of
"super premium cosmetics" under the Adore Organic Innovation product line. FAC ¶¶ 6,
23. Plaintiff contends that Segev is the president of UHI and, as the "alter ego" of UHI,
he "personally participated in, directed, and controlled the sales, distribution,
manufacturing, and advertising of the Adore Products." Id. ¶ 24. Plaintiff avers that
Segev was an agent of UHI and that UHI had actual or constructive knowledge of
Segev's conduct. Id. ¶ 114. Segev allegedly abused UHI's organizational form to
accomplish the fraudulent promotion of UHI's cosmetic products. Id. ¶ 117. Plaintiff
alleges that Segev is an officer or director of "several alleged shell companies" and that
plaintiff can obtain evidentiary support, after a reasonable opportunity for further
investigation or discovery, showing that one or more of Segev's shell entities
commingled funds or assets. Id. ¶¶ 118–19. In addition, plaintiff alleges that, after a
reasonable opportunity for further investigation or discovery, plaintiff could show that:
(a) Segev diverted corporate funds from UHI, (b) Segev abused the corporate form for
personal gain; (c) Segev treated individual or corporate assets as his own; (d) Segev
represented that he is personally liable for corporate debts; (e) Segev failed to maintain
adequate corporate minutes and records on behalf of UHI; (f) Segev intermingled his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

individual records with the corporate records of UHI and/or Segev's shell entities; (g) Segev has ownership of all 100 shares of stock that UHI has issued; (h) UHI is inadequately capitalized; and (i) Segev has attempted to conceal the ownership of UHI. Id. ¶ 120–31. Plaintiff contends that Segev wholly owns UHI and dominates the corporation to the extent that the independence of UHI is a sham and there is a unity of interest and ownership between Segev and UHI. Id. ¶¶ 132–33. Plaintiff also avers that Segev actually participated in the unlawful conduct plaintiff alleges in her complaint, and is therefore personally liable for all such conduct. Id. ¶ 135.

Defendants advertise their Adore Organic Innovation line as containing a "proven Plant Stem Cell formula . . . to enable your skin's own stem cells to renew and slow the aging process." Id. ¶ 6. The Adore Organic Innovation line includes CELLMAX Products—including a cream, serum, and mask, sold together as a CELLMAX Kit—that are touted as "proven to restore youthful appearance[.]" Id. ¶¶ 7–8. Defendants manufacture, market, and distribute at least 22 products that are substantially similar to the CELLMAX products because they contain the same types of "plant stem cells" and use almost identical labeling. Id. ¶ 9. Plaintiff refers to the CELLMAX products and substantially similar products as the "Adore Products." Id.

According to plaintiff, defendants engaged in a "uniform marketing and advertising campaign designed to convince consumers that its Adore Organic Innovation Products are scientifically and clinically proven to provide consumers with dramatic anti-aging results." Id. ¶ 30. Plaintiff alleges that defendants' representations regarding the anti-aging effects of their products are false and misleading because the products neither "halt the aging process" nor are they "proven to store youthful appearance." Id. ¶ 12. Citing several statements from the Adore website, YouTube videos, and social media posts, plaintiffs assert that defendants' anti-aging claims are purportedly backed by scientific research. Id. ¶¶ 33–40. In addition, defendants provide a brochure, entitled "Adore Organic Innovation Science – Stem Cell Technology," in which defendants assert, inter alia, that "researchers" have concluded that "plant stem cells [could] be used to protect human skin stem cells[,]" and that "[e]xtensive studies have shown that Plant Stem Cell formula [sic] increases the vitality and efficiency of all essential skin cells[.]" Id. ¶¶ 42–44.

The plant stem cells that defendants use in their products are manufactured by Mibelle Biochemistry ("Mibelle"). Id. ¶ 12. The plant stem cells are a proprietary ingredient called "PhytoCellTec$^{TM}$". Id. According to Mibelle's research director, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

anti-aging benefit of the plant stem cells "could not be confirmed at clinical trial." Id. ¶ 14. Plaintiff also cites statements from academics, doctors, and industry professionals who state that plant stem cells like those in the Adore Products cannot provide anti-aging benefits. Id. ¶¶ 52–60.

In addition, plaintiff alleges that Mibelle's process for preparing the plant stem cells results in "pulverized" plant stem cells that are no longer living and cannot possibly enable skin stem cells to renew. Id. ¶¶ 16–17, 63–68. As a result, "representations that the Adore Products somehow contain 'Plant Stem Cells' that can interact with human stem cells to provide anti-aging benefits are patently false. Id. ¶ 69.

Plaintiff alleges that the Adore Products are being sold unlawfully because the U.S. Food and Drug Administration ("FDA") has warned marketers of cosmetic products containing PhytoCellTec that their products were considered "Unapproved New Drug[s]" in violation of the Food, Drug, and Cosmetics Act("FDCA"). Id. ¶¶ 18, 82. The FDA has sent two warning letters to manufacturers of similar cosmetic products containing the active ingredient PhytoCellTec. Id. ¶¶ 70–71. Plaintiff alleges that the Adore Products constitute "drugs" under the FDCA, 21 U.S.C. § 321(g). FAC ¶ 79. Plaintiff further contends that defendants' "stem cell" and "skin regeneration" claims are false and misleading, and therefore defendants' products are "misbranded" under the FDCA, 21 U.S.C. §§ 352(a) and 362(a), California's Sherman Law, Cal. Health & Safety Code §§ 111330, 111730, and New Jersey regulations. Id. ¶¶ 80–81. As both cosmetics and drugs, plaintiff contends that the Adore Products are also misbranded because defendants fail to identify the products' active ingredients. Id. ¶ 83.

Plaintiff alleges that defendants' Adore Products are misleading because defendants have copied the advertising ideas and style of the J'Adore product like by Christian Dior. Id. ¶¶ 84, 89. Defendants are purportedly targeting consumers who are familiar with and customers of products offered under Dior's J'Adore brands, which likely misleads reasonable consumers. Id. ¶¶ 84, 88, 89.

Plaintiff alleges that the labels that defendants use on their CELLMAX products, along with material on defendants' website, create express and implied warranties on which plaintiff has relied. Id. ¶ 92. For example, the label of the CELLMAX Superior Facial Thermal Mask states:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

> Treat your skin to the most advanced anti-aging science available today with
> CELLMAX Superior Facial Thermal Mask from Adore Organic Innovation.
> This unique self-heating mask not only smoothes deep lines and wrinkles but
> also encourages your skin to renew itself.  As it gently warms to the touch,
> the mask prepares your skin to absorb our highest concentration of
> breakthrough anti-aging Plant Stem Cell formula.  We enrich this anti-aging
> nutrient with extracts of chamomile, linden blossom and other all-natural
> ingredients to promote smooth skin texture.  Vitamin E revives skin's
> appearance, leaving it fresh, clean and vibrant, while promoting youthful
> elasticity.  All combined, it gives you phenomenal anti-aging action that
> helps reduce the look of wrinkles in moments while encouraging your skin
> to respond naturally by amplifying collagen levels that help restore youthful
> tone.

Id. ¶ 93.  Plaintiff includes similar language used on the labels of the CELLMAX facial
cream and serum, along with the CELLMAX kit.  Id. ¶¶ 91–100.  Plaintiff alleges that
she read and relied on the quoted representations and warranties in deciding to purchase
the CELLMAX kit.  Id. ¶ 101.  Plaintiff further alleges that defendants make substantially
similar representations and warranties regarding the efficacy of plant stem cells in 22
other products under the Adore Organic Innovation product line.  Id. ¶ 102; see id. ¶ 103
(identifying products and quoting excerpts that describe them).  Plaintiff alleges, on
information and belief, that each of the 22 similar products contains PhytoCellTec.  Id.
¶ 104.

      In or around June 2014, plaintiff purchased the CELLMAX kit from a store located
in Beverly Hills, California.  Id. ¶¶ 105–105.  Plaintiff alleges that she purchased the kit
in reliance on the representations and warranties made on the product packaging and
defendants' website, including that the plant stem cells would provide anti-aging benefits.
Id. ¶¶ 106, 108.  Plaintiff contends that she purchased additional products that were
substantially similar to the CELLMAX products, including the Adore Essence Facial
Peeling Gel, the Adore Dreams Multi-Active Night Cream, and the Adore Essence Facial
Detoxifying Cream Cleanser.  Id. ¶ 107.  Plaintiff avers that defendants' business records
will reveal the exact products that plaintiff purchased that are substantially similar to the
CELLMAX products.  Id.  Plaintiff paid approximately $1,000 for her purchases of
Adore Products.  Id. ¶ 109.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

Plaintiff contends that she would not have purchased the Adore Products, or would only have been willing to pay "significantly less" for them, had she known that the products did not provide the touted anti-aging benefits. Id. ¶¶ 20, 109. Nevertheless, plaintiff also alleges that she "would consider purchasing the Adore Products again," if they provided the claimed anti-aging benefits and if defendants disclosed to material facts about the products. Plaintiff further asserts that she "may once again purchase the adore products if they were labeled truthfully and in a manner not likely to mislead reasonable consumers." Id. ¶ 110.

Plaintiff avers that defendants were constructively and actually aware that their products were ineffective for their advertised use, yet defendants continued to sell the Adore Products. Id. ¶ 112. Therefore, plaintiffs contend that defendants knowingly concealed from consumers the fact that the Adore Products were not effective at providing the advertised anti-aging benefits. Id.

## III. LEGAL STANDARDS

Defendants move to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12 (b)(5), 12(b)(1), and 12(b)(6).

### A. Rule 12(b)(5)

Federal Rule of Civil Procedure Rule 12(b)(5) authorizes a defendant to move for dismissal due to insufficient service of process. See Fed. R. Civ. P. 12(b)(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly [with the summons and complaint] under Fed.R.Civ.P. 4." Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, 840 F.2d 685, 688 (9th Cir. 1988) (citation and quotation marks omitted); see also Miss. Publ'g Corp. v. Murphree, 326 U.S. 439, 444–45 (1946) ("[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served."). Federal Rule of Procedure 4 provides that a summons must: "(A) name the court and the parties; (B) be directed to the defendant; (C) state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff; (D) state the time within which the defendant must appear and defend; (E) notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint; (F) be signed by the clerk; and (G) bear the court's seal." Fed. R. Civ. P. 4(a). Rule 4 further provides that, to obtain a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|----------|--------------------------|------|------------------|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

summons, "[o]n or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons—or a copy of a summons that is addressed to multiple defendants—must be issued for each defendant to be served." Fed. R. Civ. P. 4(b). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. Nonetheless, without substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." Direct Mail Specialists, 840 F.2d at 688 (citation and quotation marks omitted).

Once service of process is challenged, the "plaintiff[ ] bear[s] the burden of establishing that service was valid." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). If the plaintiff is unable to satisfy its burden of demonstrating effective service, the court has discretion to either dismiss or retain the action. See Stevens v. Sec. Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

**B.    Rule 12(b)(1)**

A motion pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction to hear the claims alleged in the complaint. Fed. R. Civ. P. 12(b)(1). Such a motion may be "facial" or "factual." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). That is, a party mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. See White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000); Thornhill Publishing co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).

If the plaintiff lacks standing under Article III of the U.S. Constitution, then the court lacks subject matter jurisdiction, and the case must be dismissed. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998). "Standing is a threshold matter central to our subject matter jurisdiction." Bates v. United Parcel Service, Inc., 511 F.3d 974, 985 (9th Cir. 2007). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). From a constitutional standpoint, standing addresses the question of whether the plaintiff has made out a case or controversy between himself and the defendant. Id. A plaintiff must demonstrate three elements that constitute the "irreducible minimum" of Article III standing:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court.  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (citations and quotation marks omitted).  "Past exposure to harmful or illegal conduct does not necessarily confer standing to seek injunctive relief if the plaintiff does not continue to suffer adverse effects."  Mayfield v. United States, 599 F.3d 964, 970 (9th Cir. 2010).  A plaintiff is only entitled to injunctive relief if she can demonstrate a "real or immediate threat" that she will be subject to the alleged illegal conduct again.  City of Los Angeles v. Lyons, 461 U.S. 95, 96 (1983).

**C.     Rule 12(b)(6)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

Federal Rule of Civil Procedure 8(a) provides that a pleading stating a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to meet this standard, a claim for relief must be stated with "brevity, conciseness, and clarity." See Charles A. Wright & Arthur R. Miller, 5 Fed. Practice and Procedure § 1215 (3d ed.). "The Plaintiff must allege with at least some degree of particularity overt acts which Defendants engaged in that support the Plaintiff's claim." Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).

## IV.    DISCUSSION

### A.    Segev's Motion to Dismiss

Segev, appearing specially, seeks to dismiss plaintiff's FAC against him on the basis of insufficient service of process. Segev MTD at 5. Segev first argues that plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

failed to seek the issuance of a summons directed to Segev. Indeed, the has Court issued only one summons in this case, which is addressed to UHI. See dkt. 9. The summons was issued on October 4, 2016 as docket number 9. Id. As a result, Segev argues that he could not have been validly served. Plaintiff attempted to serve Segev through delivery of a summons and the complaint upon Vi Sorrentino, an individual whom the process server designated as Segev's employee. See dkt. 13. However, Sorrentino has stated that she is not employed by Segev and did not represent to the process server that she was. MTD at 8; see dkt. 29-2 ("Sorrentino Decl."). Therefore, Segev argues that plaintiff's purported service on him was improper. MTD at 8. In addition, the summons that Sorrentino received (and which she submits as an attachment to her declaration) purports to be the Court's October 4, 2016 summons. Sorrentino Decl., Ex. A. Notably, the summons that Sorrentino received has Segev's name and address in place of UHI's information. Id. Therefore, Segev argues that plaintiff altered the October 4, 2016 summons before delivering it to Sorrentino. MTD at 8. The proof of service on Segev that plaintiff actually filed with the Court on November 28, 2016 is *not* the altered version. Dkt. 13.

The Court concludes that plaintiff has failed to serve Segev properly because she has not obtained a summons for Segev, as is required by Federal Rule of Civil Procedure 4. See Fed. R. Civ. P. 4(b) ("A summons—or a copy of a summons that is addressed to multiple defendants—must be issued *for each defendant* to be served." (emphasis added)). Plaintiff argues that Segev has waived his right to challenge this court's jurisdiction because (a) Segev's attorney filed a pro hac vice motion to appear on behalf of UHI; and (b) Segev's counsel's consented to participate in a Rule 26(f) conference in the future. Opp'n to Segev at 10–12. However, neither action taken by Segev's counsel constitutes a "responsive pleading" that would effectuate a waiver under Rule 12(h)(1). See Freeney v. Bank of Am. Corp., No. 15-cv-02376-MMM-PJW, 2015 WL 4366439, at *20 (C.D. Cal. July 16, 2015) ("[A] counsels' filing of initial appearances or motions for admission pro hac vice are not the defensive moves in which a waiver of personal jurisdiction can occur." (quotation marks omitted)). As a result, the Court **GRANTS** Segev's motion to dismiss the FAC and **DISMISSES** plaintiff's claims against Segev without prejudice.[1]

---

[1] Segev contends that plaintiff failed to provide him with the requisite notice of plaintiff's CLRA claim and, therefore, plaintiff's CLRA claim against him should be dismissed with prejudice. Segev MTD at 22–23. California Civil Code § 1782 requires

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

**B.     UHI's Motion to Dismiss**

**1.     Standing to Pursue Injunctive Relief**

Plaintiff seeks injunctive relief with respect to her declaratory relief claims and her claims pursuant to the CLRA, the FAL, the UCL, and New Jersey's Consumer Fraud Act. See FAC ¶¶ 248, 256, 274, 283.  UHI argues that plaintiff lacks standing to seek injunctive relief because she has failed to demonstrate that she is threatened with a concrete and particularized injury.  UHI MTD 4–5.  According to UHI, in false and misleading advertising cases, there is no likelihood of future injury because plaintiff now knows that the product at issue does not work or perform as advertised.  Id. at 5.

To establish Article III standing with respect to injunctive relief, a plaintiff must show "a sufficient likelihood that [he or she] will again be wronged in a similar way." Bates v. United Parcel Serv., Inc., 511 F.3d 974, 985 (9th Cir. 2007) (quotation marks omitted).  In cases of misleading advertising, "[t]here is a split in the Ninth Circuit on" whether a plaintiff can establish the requisite threat of future injury in order to have standing to seek injunctive relief.  Spann v. J.C. Penney Corp., No. 12-cv-0215-FMO, 2015 WL 1526559, at *11 (C.D. Cal. Mar. 23, 2015); Anderson v. Seaworld Parks & Entm't, Inc., No. 15-cv-02172-JSW, 2016 WL 4076097, at *6 (N.D. Cal. Aug. 1, 2016) ("The Ninth Circuit has not ruled on the issue of what is necessary to allege standing for

---

that at least thirty days "prior to the commencement of an action for damages," the consumer "shall" notify the alleged offender of the particular alleged violations and demand that the person "correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation" of the CLRA.  Cal. Civil Code § 1782(a)(1)–(2).  The notice "shall be in writing and shall be sent by certified or registered mail, return receipt requested."  Id.  Segev is correct that, ordinarily, "these procedural requirements are strictly adhered to by dismissing a claim with prejudice."  Davis v. Chase Bank U.S.A., N.A., 650 F. Supp. 2d 1073, 1089 (C.D. Cal. 2009).  However, the Court concludes that dismissal with prejudice would be premature at this stage because Segev has not been properly served.  In any event, the Court has reviewed the CLRA notice letter that plaintiff sent to defendants, see dkt. 25-21, Compl. Ex. 21, and it appears that plaintiff has substantially complied with her CLRA notice obligation with respect to Segev and UHI.  Accordingly, the Court declines to dismiss plaintiff's CLRA claim against Segev with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|----------|--------------------------|------|-------------------|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

prospective injunctive relief in a case involving misleading advertising.").  As the court in Spann described:

> In some cases, courts have denied standing to seek an injunction for consumers who have been deceived by false advertising based on the notion that the consumer's knowledge makes it unlikely that they will be deceived again.  See, e.g., Castagnola v. Hewlett–Packard Co., 2012 WL 2159385, *6 (N.D. Cal. 2012) (plaintiffs lacked standing because they "now have knowledge of the terms and conditions of the program."); Laster v. T–Mobile USA, Inc., 2009 WL 4842801, *3–4 (S.D. Cal. 2009) (plaintiffs lacked standing because they "now know Defendants will seek sales tax reimbursement on any bundled wireless phone purchase . . . Plaintiffs' knowledge precludes them from showing likelihood of future injury.").
>
> In other cases, such as Henderson v. Gruma Corp., 2011 WL 1362188 (C.D. Cal. 2011), courts have found standing because it would prevent federal courts from enjoining false advertising under California's consumer protection laws.

Spann, 2015 WL 1526559, at *11–12.

In Henderson, the class representatives alleged that the labeling on foods that they had purchased was misleading.  Henderson v. Gruma Corp., No. 10-cv-04173-AHM-AJW, 2011 WL 1362188, at *1 (C.D. Cal. Apr. 11, 2011).  The court recognized that "Plaintiffs may not purchase the same [] products as they purchased during the class period, because they are now aware of the true content of the products[.]"  Id. at *8.  Nonetheless, the court concluded that "to prevent [such plaintiffs] from bringing suit on behalf of a class in federal court would surely thwart the objective of California's consumer protection laws."  Id. at *8.  The objective of California's consumer protection laws "is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services."  Kwikset Corp. v. Superior Court, 246 P.3d 877, 883 (Cal. 2011).  The Henderson court reasoned:

> Defendant has not presented evidence or even alleged that it has removed its allegedly misleading advertising from its products.  With such advertising remaining on supermarket shelves, Plaintiffs, as representatives of a class, should be entitled to pursue injunctive relief on behalf of all consumers in order to protect consumers from Defendant's alleged false advertising.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

2011 WL 1362188, at *8.  While the Court recognizes that some district courts in this Circuit have declined to adopt this approach, see, e.g., Mason v. Nature's Innovation, Inc., No. 12-cv-3019-BTM-DHB, 2013 WL 1969957, at *3–4 (S.D. Cal. May 13, 2013) (declining to follow Henderson on the basis that it does not square with Article III), the Court finds the reasoning of Henderson more persuasive.  "[W]ere the Court to accept the suggestion that plaintiff['s] mere recognition of the alleged deception operates to defeat standing for an injunction, then injunctive relief would never be available in false advertising cases, a wholly unrealistic result."  Ries v. Arizona Beverages USA LLC, 287 F.R.D. 523, 533 (N.D. Cal. 2012); see also Koehler v. Litehouse, Inc., No. 12-cv-04055-SI, 2012 WL 6217635, at *6 (N.D. Cal. Dec. 13, 2012) ("The Court agrees with Henderson.  To do otherwise would eviscerate the intent of the California legislature in creating consumer protection statutes because it would effectively bar any consumer who avoids the offending product from seeking injunctive relief."); Cabral v. Supple, LLC, No. 12-cv-85-MWF, 2012 WL 4343867, at *2 (C.D. Cal. Sept. 19, 2012) (finding Henderson persuasive and finding the defendant's argument "premature at this stage of the litigation"); Dean v. Colgate-Palmolive Co., No. 15-cv-0107-JGB, 2015 WL 3999313, at *8 (C.D. Cal. June 17, 2015) (adopting the analysis set forth in Henderson); Larsen v. Trader Joe's Co., No. 11-cv-05188 SI, 2012 WL 5458396, at *4 (N.D. Cal. June 14, 2012) (same).  The Court therefore concludes that plaintiff has adequately pleaded that she has Article III standing to seek injunctive relief.

Accordingly, the Court **DENIES** UHI's motion to dismiss plaintiff's claims for injunctive relief.

> **2.**     **Plaintiff's Standing to Assert Claims Regarding Products She Did Not Buy**

UHI argues that plaintiff lacks standing to represent class members who purchased products that plaintiff did not actually purchase.  UHI MTD at 7.

"[D]istrict courts in this circuit have diverged on the issue of whether a plaintiff has standing to bring claims on behalf of consumers who purchased similar, but not identical products."  Anderson v. Jamba Juice Co., 888 F. Supp. 2d 1000, 1005 (N.D. Cal. 2012); see also Branca v. Nordstrom, Inc., No. 14-cv-2062-MMA-JMA, 2015 WL 10436858, at *4 (S.D. Cal. Oct. 9, 2015) (noting that "there is no controlling authority" on the question of whether a plaintiff has standing to allege claims under the FAL, CLRA, and UCL based on products he did not purchase).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|----------|--------------------------|------|------------------|
| Title    | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

Some federal courts have held, as a matter of law, that a plaintiff lacks
standing to assert such claims.  Other courts have held that the standing
inquiry is more appropriately resolved on a motion for class certification.
The majority of the courts that have carefully analyzed the question hold that
a plaintiff may have standing to assert claims for unnamed class members
based on products he or she did not purchase so long as the products and
alleged misrepresentations are substantially similar.

Miller v. Ghirardelli Chocolate Co., 912 F. Supp. 2d 861, 869 (N.D. Cal. 2012).  Other
courts have concluded that the majority approach is to resolve the question on a motion
for class certification.  See, e.g., Bruno v. Quten Research Inst., LLC, 280 F.R.D. 524,
530 (C.D. Cal. 2011) (Carter, J.) ("The Court agrees with Plaintiff that treatises and the
vast majority of persuasive authority indicate that Defendants' legal argument is flawed.
District courts in California routinely hold that the issue of whether a class representative
may be allowed to present claims on behalf of others who have similar, but not identical,
interests depends not on standing, but on an assessment of typicality and adequacy of
representation." (quotation marks omitted)).

The Court is persuaded by the line of authority concluding that a "[p]laintiff's
ability to represent class members injured by similar products should be analyzed under
Rule 23, not on a motion to dismiss."  Aguilar v. Boulder Brands, Inc., No. 12-cv-01862-
BTM-BGS, 2013 WL 2481549, at *3 (S.D. Cal. June 10, 2013); see also Cardenas v.
NBTY, Inc., 870 F. Supp. 2d 984, 992 (E.D. Cal. 2012); Allen v. Similasan Corp., No.
12-cv-0376-BTM-WMC, 2013 WL 2120825, at *4 (S.D. Cal. May 14, 2013); Koh v.
S.C. Johnson & Son, Inc., No. 09-cv-00927-RMW, 2010 WL 94265, at *3 (N.D. Cal.
Jan. 6, 2010).  Whether the products plaintiff did not purchase are substantially similar to
those that she did purchase is a fact-intensive inquiry that is not appropriate at this stage.

Furthermore, reading the FAC in a light most favorable to plaintiff, plaintiff has
pleaded with sufficient particularity that the products she did not purchase are
substantially similar to those that she did purchase, such that plaintiff satisfies the
heightened pleading requirement imposed for claims sounding in fraud.  See Fed. R. Civ.
P. 9(b).  Plaintiff alleges that she purchased the CELLMAX kit, which includes a facial
cream, serum, and mask that purport to contain plant stem cells and offer anti-aging
benefits.  FAC ¶¶ 93–100.  Plaintiff also avers that she purchased the Adore Essence
Facial Peeling Gel ("Gel"), the Adore Dreams Multi-Active Night Cream ("Night
Cream"), and the Adore Essence Facial Detoxifying Cream Cleanser ("Cream Cleanser").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

Id. ¶ 107.  Plaintiff alleges that defendants manufacture, market, and distribute 22 products under the Adore Organic Innovation line that also purport to contain plant stem cells and offer anti-aging benefits.  Id. ¶¶ 102–03.  The Gel, Night Cream, and Cream Cleanser are among the 22 products listed.  Id. ¶ 103.  For each of the 22 products plaintiff identifies, she quotes language from defendants' representations regarding the "Plant Stem Cell formula" and its anti-aging benefits.  Id.; cf. Smedt v. Hain Celestial Grp., Inc., No. 5:12-cv-03029-EJD, 2014 WL 2466881, at *7 (N.D. Cal. May 30, 2014) ("[T]here is nothing in the SAC regarding the products' respective ingredients or packaging showing how the unpurchased products are substantially similar to the purchased products.  Therefore, this Court cannot determine from the pleadings whether the named products are, in fact, substantially similar to the purchased products." (citation omitted)).

Accordingly, the Court **DENIES** UHI's motion to dismiss plaintiff's claims pertaining to any product other than the CELLMAX kit.

### 3. Plaintiff's Standing to Assert Claims Based on the Law of States Outside California and New Jersey

Plaintiff is a resident of New Jersey and alleges that she purchased the Adore Products while visiting California.  FAC ¶ 105.  Plaintiff seeks redress under "similar state laws" with respect to her claim for intention fraud and deceit (Claim 1) and for fraud by omissions/suppression of facts (Claim 2).  Id. at 43, 45.  With respect to plaintiff's claim under the MMWA (Claim 10), plaintiff seeks relief on behalf of the Multi-State Warranty Class, id. at 56, which includes "[a]ll persons in California, Delaware, the District of Columbia, Kansas, Missouri, New Jersey, Ohio, Utah, and West Virginia who purchased the Adore CELLMAX Products and Substantially Similar Products within those states," id. ¶ 136.  Plaintiff also seeks to represent a nationwide class.  Id.

UHI argues that plaintiff lacks standing to bring claims under the laws of states in which she does not reside and/or a state in which she did not purchase the products at issue.  UHI MTD at 9.  Plaintiff argues that it is premature to conduct a choice-of-law analysis at the outset of the case.  Opp'n to UHI at 8; see Werdebaugh v. Blue Diamond Growers, No. 12-cv-02724-LHK, 2013 WL 5487236, at *16 (N.D. Cal. Oct. 2, 2013) (denying the defendant's motion to strike nationwide class claims because "there has been no choice-of-law analysis in this case: Defendant—who bears the burden of demonstrating that foreign law, rather than California law, should apply to class claims in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

a California choice-of-law analysis—provides no support for its position that foreign law conflicts with California law, let alone that this conflict is so severe as to preclude applying California law to Werdebaugh's class claims." (citation and quotation marks omitted)).

Notwithstanding <u>Werdebaugh</u>, the majority of courts to consider this question have concluded that when "a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal." <u>In re Flash Memory Antitrust Litig.</u>, 643 F. Supp. 2d 1133, 1164 (N.D. Cal. 2009). Indeed, "[c]ourts routinely dismiss claims where no plaintiff is alleged to reside in a state whose laws the class seeks to enforce." <u>Corcoran v. CVS Health Corp.</u>, 169 F. Supp. 3d 970, 990 (N.D. Cal. 2016) (Gonzalez Rogers, J.); <u>In re Aftermarket Auto. Lighting Prod. Antitrust Litig.</u>, No. 09-MDL-2007-GW-PJW, 2009 WL 9502003, at *6 (C.D. Cal. July 6, 2009) (same); <u>In re Ditropan XL Antitrust Litig.</u>, 529 F. Supp. 2d 1098, 1107 (N.D. Cal. 2007); <u>Pardini v. Unilever United States</u>, Inc., 961 F. Supp. 2d 1048, 1061 (N.D. Cal. 2013) ("The Ninth Circuit has held that [e]ach class member's consumer protection claim should be governed by the consumer protection laws of the jurisdiction in which the transaction took place. Thus, [w]here . . . a representative plaintiff is lacking for a particular state, all claims based on that state's laws are subject to dismissal. Here, there is only one named plaintiff and she has not alleged that she purchased [the product] outside of California. Thus, Plaintiff does not have standing to assert a claim under the consumer protection laws of the other states named in the Complaint. This is a pleading defect amenable to determination prior to a motion for class certification." (citation and quotation marks omitted); <u>In re Graphics Processing Units Antitrust Litig.</u>, 527 F. Supp. 2d 1011, 1026 (N.D. Cal. 2007) ("A class cannot assert a claim on behalf of an individual that they cannot represent."). In addition, the court can "address[] the issue of standing before it addresse[s] the issue of class certification." <u>Easter v. Am. W. Fin.</u>, 381 F.3d 948, 962 (9th Cir. 2004)

Accordingly, the Court **GRANTS** UHI's motion and **DISMISSES** without prejudice plaintiff's claims that are based on laws of states other than California and New Jersey.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

4.    **Whether Plaintiff Pleads her Fraud-Based Claims with Particularity**

UHI requests that the Court dismiss plaintiff's fraud-based claims on the basis that plaintiff has failed to plead those claims with sufficient particularity pursuant to Federal Rule of Procedure 9(b).  UHI MTD at 11.

The Court finds that following claims are based in fraud: Claim 1 for intentional fraud and deceit; Claim 2 for fraud by omissions/suppression of facts; Claim 4 for rescission of purchase contracts based on fraudulent inducement; Claim 11 for violations of the CLRA; Claim 12 for violations of the FAL; Claim 13 for violations of the UCL; and Claim 14 for violations of the CFA.  See Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) (where a plaintiff "allege[s] a unified course of fraudulent conduct and rel[ies]  entirely on that course of conduct as the basis of that claim[,] . . . the claim is said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b)."); In re Sony Gaming Networks & Customer Data Sec. Breach Litig., 903 F. Supp. 2d 942, 953–54 (S.D. Cal. 2012) ("Regardless of the title given to a particular claim, allegations grounded in fraud are subject to Rule 9(b)'s pleading requirements."); Mickens v. Ford Motor Co., 900 F. Supp. 2d 427, 435 (D.N.J. 2012) ("Federal Rule of Civil Procedure 9(b) imposes a heightened pleading requirement for allegations of fraud, including CFA claims, over and above that required by Rule 8(a).").  However, Rule 9(b) does not apply to the TCCWNA.  See Mladenov v. Wegmans Food Markets, Inc., 124 F. Supp. 3d 360, 372 (D.N.J. 2015) (applying Rule 9(b) to plaintiffs' CFA claim, but not to their TCCWNA claim); Mattson v. Aetna Life Ins. Co., 124 F. Supp. 3d 381 (D.N.J. 2015) (same), aff'd, 653 F. App'x 145 (3d Cir. 2016); Motwani v. Marina Dist. Dev. Co., LLC, No. 15-cv-2069-JLL, 2015 WL 3448171, at *3 (D.N.J. May 29, 2015) (same).[2]

---

[2] With respect to Claim 3 for negligent misrepresentation, the question of "[w]hether Rule 9(b) applies to claims of negligent misrepresentation is an issue that has divided the Circuit courts" and "similarly divides the California district courts."  Cutler v. Rancher Energy Corp., No. 13-cv-906-DOC, 2014 WL 1153054, at *3 (C.D. Cal. Mar. 11, 2014).  "[M]ost district courts in California hold that it does."  Gilmore v. Wells Fargo Bank N.A., 75 F. Supp. 3d 1255, 1269 (N.D. Cal. 2014) (quotation marks omitted) (collecting cases).  Nonetheless, as described below, the Court concludes that plaintiff's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

Because plaintiff's claims sound in fraud, plaintiff must comply with the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires that the circumstances constituting a claim for fraud be pled with particularity. Fed. R. Civ. P. 9(b). "It is established law, in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law causes of action." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). To satisfy Rule 9(b), a plaintiff must "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false." Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

UHI argues that plaintiff's FAC provides "little detail and fails to plead who made the allegedly false representations, whether the representations were made with knowledge of their falsity, when Plaintiff read or heard the representations, and how Plaintiff's reliance on them was justifiable." UHI MTD at 13. The Court disagrees. With respect to *when* plaintiff heard the representations, plaintiff alleges that, during her visit to defendants' retail store "in or around June of 2014," she "read and relied on statements made on the packaging of the products and on statements that were made on Defendants' website, adorecosmetics.com, which was shown to Plaintiff Mollicone by one of Defendants' sales representative from one of Defendants' in-store computers." FAC ¶¶ 106, 108. With respect to UHI's *knowledge* of the falsity of the representations, plaintiff avers: "Defendants were constructively and actively aware that the Products were ineffective for the advertised use. Nevertheless, Defendants continued to sell the Adore Products." Id. ¶ 112. With respect to *who* made the representations, plaintiff contends that defendants include the alleged misrepresentations on their product labels, website, social media pages, YouTube videos, and their brochure. Id. ¶¶ 30–40; 90–101. With respect to whether plaintiff's reliance on the representations was *justifiable*, plaintiff alleges that defendants represent that the plant stem cell formula is "proven" to restore youthful appearance and that defendants purport to base that assertion in scientific research. Id. ¶¶ 33–45; 92–100. With respect to what is false about UHI's conduct and why, plaintiff alleges that academics, doctors, and industry professionals agree that stem-cell related cosmetic technology does not work. Id. ¶¶ 52–61. Plaintiff further alleges that the research director of Mibelle has conceded that the anti-aging benefit of PhytoCellTec could not be confirmed in clinical trial. Id. ¶ 14. The Court therefore finds

allegations satisfy the heightened pleading standard of Rule 9(b). Therefore, the Court need not resolve whether a negligent misrepresentation claim must satisfy Rule 9(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|----------|--------------------------|------|-------------------|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

that plaintiff has pleaded her fraud-based claims with sufficient particularity. Accordingly, the Court **DENIES** UHI's motion to dismiss plaintiff's fraud-based claims.

### 5.      Whether Plaintiff's Fraud-Based Claims Fail because they Arise from the Same Facts as Plaintiff's Breach of Contract Claim

UHI argues that plaintiff's fraud-based claims failed because they are based on the same set of facts as plaintiff's breach of contract claim. UHI MTD at 14–15. However, UHI does not cite any authority that directly supports this proposition. Moreover, the fact that a claim may be "duplicative or superfluous to" another of plaintiff's claims "is not grounds for dismissal." Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015); see also Fed. R. Civ. P. 8(d)(2) (permitting pleadings in the alternative). Accordingly, the Court **DENIES** UHI's motion to dismiss plaintiff's fraud-based claims.

### 6.      Lack of Substantiation and Plaintiff's CLRA, UCL, FAL, and CFA Claims

UHI argues that plaintiff's CLRA, UCL, FAL, and CFA claims fail because plaintiff's allegations only support a claim for lack of substantiation, which is not actionable by a private plaintiff. UHI MTD at 15.

"Courts have been careful to distinguish between allegations that a defendant's advertising claims are actually false and allegations that such claims lack substantiation." In re Clorox Consumer Litig., 894 F. Supp. 2d 1224, 1232 (N.D. Cal. 2012). Under California and New Jersey law, "[p]rivate plaintiffs are not authorized to demand substantiation for advertising claims." Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc., 107 Cal. App. 4th 1336, 1345 (2003); Scheuerman v. Nestle Healthcare Nutrition, Inc., No. 10-cv-3684-FSH-PS, 2012 WL 2916827, at *6 (D.N.J. July 17, 2012) ("[T]he case law is clear—and Plaintiffs do not dispute—that prior substantiation claims are not cognizable under the NJCFA, UCL, FAL, or CLRA."); Bronson v. Johnson & Johnson, Inc., No. 12-cv-04184-CRB, 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013) ("Claims that rest on a lack of substantiation, instead of provable falsehood, are not cognizable under the California consumer protection laws."); Nilon v. Nat.-Immunogenics Corp., No. 3:12-cv-930-LAB, 2013 WL 5462288, at *1 (S.D. Cal. Sept. 30, 2013) ("[C]ourts have held that private litigants can't bring 'lack of substantiation' cases under the UCL and CLRA. It is one thing for a plaintiff to say a certain representation is actually untrue or misleading; that case passes go. It is another thing,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

however, for a plaintiff to say that a certain representation hasn't been shown to be true; that case does not pass go.").

Plaintiff does not merely allege that defendants' representations about the anti-aging benefits of the Adore Products are inconclusive or lack scientific evidence. Rather, plaintiff contends that defendants' representations are false. For example, she avers that the ingredient list on the Adore Products falsely claims that the products contain actual stem cells, but that the process of preparing PhytoCellTec necessarily results in an ingredient in which there are no living plant stem cells. FAC ¶¶ 63, 65. As a result, plaintiff avers that "[d]efendants' representations that the Adore Products somehow contain 'Plant Stem Cells' that can interact with human stem cells to provide anti-aging benefits is patently false." Id. ¶ 69. As a result, the Court finds that plaintiff has alleged facts "sufficient . . . to show that [UHI]'s advertising claims with respect to [the Adore Products] are actually false; not simply that they are not backed up by scientific evidence." Fraker v. Bayer Corp., No. 08-cv-1564-AWI-GSA, 2009 WL 5865687, at *8 (E.D. Cal. Oct. 6, 2009); Rikos v. Procter & Gamble Co., 782 F. Supp. 2d 522, 528–29 (S.D. Ohio 2011) ("[i]n a false advertising case, plaintiff must plead and prove that the advertising statements are 'false or misleading'—which is exactly what Plaintiff pleads. Accordingly, this Court declines to find that Plaintiff's complaint was filed under an alleged 'lack of scientific substantiation' theory." (citation omitted) (interpreting California law); cf. Aloudi v. Intramedic Research Grp., LLC, No. 15-cv-882-HSG, 2015 WL 4148381, at *4 (N.D. Cal. July 9, 2015) (finding that plaintiff's lack of substantiation allegations could not support his UCL, FAL, or CLRA claims where the "[p]laintiff dedicated the bulk of his opposition brief to arguing that because Defendant's Product representations constitute 'establishment claims,' Plaintiff may 'affirmatively prove[ ] [them] to be false by demonstrating the absence or inadequacy of the establishing tests.'").

Accordingly, to the extent UHI requests that the Court dismiss plaintiff's CLRA, UCL, FAL, and CFA claims on the grounds that plaintiff only alleges lack of substantiation, the Court **DENIES** UHI's motion.

### 7.    Plaintiff's Magnuson-Moss Warranty Act Claim

UHI argues that plaintiff many not raise a claim under the MMWA because the Adore Products are subject to a separate regulatory scheme. UHI MTD at 18. The Court agrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

The MMWA is "inapplicable to any written warranty the making or content of which is otherwise governed by Federal law." 15 U.S.C. § 2311(d). As plaintiff concedes, the cosmetics at issue here are subject to the FDCA. FAC ¶¶ 70–83. Where the FDCA governs the product at issue, a plaintiff may not state a claim under the MMWA. See Bates v. Gen. Nutrition Centers, Inc., 897 F. Supp. 2d 1000, 1002 (C.D. Cal. 2012) ("Defendants are correct that the Magnuson-Moss Warranty Act claim should be dismissed because the Food, Drug, and Cosmetic Act governs written warranties on the labeling of dietary supplements. Other courts have followed the same language from the Magnuson-Moss Warranty Act and dismissed such claims relating to the labeling of products that the Food, Drug, and Cosmetic Act regulates."); Hairston v. S. Beach Beverage Co., No. 12-cv-1429-JFW-DTB, 2012 WL 1893818, at *5 (C.D. Cal. May 18, 2012) (concluding that the FDCA and FDA labeling regulations made the MMWA inapplicable); Kanter v. Warner-Lambert Co., 99 Cal. App. 4th 780, 797 (2002).

Accordingly, the Court **GRANTS** UHI's motion to dismiss plaintiff's MMWA claim and **DISMISSES** the MMWA claim without prejudice.

### 8.     Claims Predicated on FDA Warning Letters

Plaintiff alleges violations of the FDCA based on allegations that the products are misbranded and are unlawfully sold as unapproved drugs. FAC ¶¶ 81–82. Plaintiff supports these allegations, in part, with FDA letters sent to third parties. Id. 70–71. UHI argues that plaintiff may not raise claims based on these alleged violations of the FDCA pursuant to the primary jurisdiction doctrine. UHI MTD at 19. "The primary jurisdiction doctrine allows courts to stay proceedings or to dismiss a complaint without prejudice pending the resolution of an issue within the special competence of an administrative agency." Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th Cir. 2008). UHI contends that resolving plaintiff's claims regarding the alleged violations of the FDCA would require the Court the decide an issue committed to the FDA's expertise. UHI MTD at 19. UHI further argues that the two FDA warning letters are not a basis on which plaintiff can sue because they do not involve the Adore Products and a warning letter is not a final action. Id.

The Court is unpersuaded that the primary jurisdiction doctrine applies to plaintiff's claims to the extent they are predicated on allegations that defendants' labels are misleading. "Not every case that implicates the expertise of federal agencies warrants invocation of primary jurisdiction. Rather, the doctrine is reserved for a limited set of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

circumstances that requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." Astiana, 783 F.3d at 760 (quotation marks omitted). Whether or not the labels on UHI's products are "false or misleading" pursuant to 21 U.S.C. §§ 352 and 362(a) is not the kind of "particularly complicated issue" that is uniquely within the FDA's competence. See Jones v. ConAgra Foods, Inc., 912 F. Supp. 2d 889, 898–99 (N.D. Cal. 2012) ("[T]the Court concludes that this case is far less about science than it is about whether a label is misleading. Plaintiff's allegations of deceptive labeling do not require the expertise of the FDA to be resolved in the courts, as every day courts decide whether conduct is misleading." (citations and quotation marks omitted)); Chacanaca v. Quaker Oats Co., 752 F. Supp. 2d 1111, 1124 (N.D. Cal. 2010) (concluding that the question of whether labels on granola bars are misleading "do[es] not entail technical questions or require agency expertise").

However, the Court finds that the primary jurisdiction doctrine applies to plaintiff's claims to the extent they are predicated on allegations that defendants are marketing unapproved new drugs unlawfully, see FAC ¶ 82. See Weinberger v. Bentex Pharm., Inc., 412 U.S. 645, 653 (1973) ("We think that it is implicit in the regulatory scheme, not spelled out in haec verba, that FDA has jurisdiction to decide with administrative finality, subject to the types of judicial review provided, the 'new drug' status of individual drugs or classes of drugs."); Carnohan v. United States, 616 F.2d 1120, 1122 (9th Cir. 1980) ("The FDA and the California State Department of Health Services have primary jurisdiction to determine whether persons may traffic in new drugs.").

Therefore, the Court **DENIES** UHI's motion to dismiss plaintiff's claims that are predicated on allegations that defendants' labels are misleading. However, the Court **GRANTS** UHI's motion to dismiss plaintiff's claims that are predicated on allegations that defendants are marketing unapproved new drugs unlawfully, and **DISMISSES** any such claims without prejudice.

### 9. Plaintiff's Claim for Declaratory Relief

Plaintiff seeks a declaratory judgment that there are no enforceable purchase contracts between plaintiff and class members and defendants because: (a) consent to enter into any agreements for purchase of the Adore Products was induced by fraud; (b) defendants' marketing and sales of the Adore Products were unlawful under the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|----------|-------------------------|------|------------------|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

FDCA and corresponding state laws like California's Sherman Law; (c) defendants' sales of the Adore Products violates public policy and the public interest would be prejudiced if the contracts were allow to stand.  FAC ¶ 206.  Plaintiff also seeks a declaration that defendants have been unjustly enriched.  Id.  UHI argues that plaintiff's claim for declaratory relief fails because it is duplicative.  UHI MTD at 20.

When an action for declaratory relief is duplicative of the relief sought under another cause of action, dismissal of the declaratory relief claim is proper.  Swartz v. KPMG LLP, 476 F.3d 756, 766 (9th Cir. 2007) (per curiam) (affirming the district court's dismissal of a request for a declaration as to defendants' liability for damages sought under other causes of action); see also Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009) ("A claim for declaratory relief is unnecessary where an adequate remedy exists under some other cause of action."); Rhodes v. Robinson, 408 F.3d 559, 566 n.8 (9th Cir. 2005) ("[B]ecause his claim for damages necessarily entails a determination whether the officers' alleged conduct violated his rights, his separate request for declaratory relief is subsumed by his damages action.").  "The court can identify no present legal controversy between the parties that requires declaratory relief, especially given that the declaratory judgment claim duplicates [plaintiff's] other causes of action."  Schwartz v. U.S. Bank, Nat. Ass'n, No. 11-cv-08754-MMM-JCG, 2012 WL 10423214, at *16 (C.D. Cal. Aug. 3, 2012).  Therefore, the Court **GRANTS** UHI's motion to dismiss plaintiff's claim for declaratory relief and **DISMISSES** that claim without prejudice.

## 10.    Plaintiff's Unjust Enrichment Claim

UHI argues that plaintiff's claim for unjust enrichment fails because plaintiff fails to plead that the product that she received was of any lesser value than those for which she paid.  UHI MTD at 21; see Myers-Armstrong v. Actavis Totowa, LLC, 382 F. App'x 545, 548 (9th Cir. 2010) ("[B]ecause Myers-Armstrong fails to plead that the drugs she received were of any lesser value than those for which she paid, she fails to sufficiently plead an entitlement to relief under quasi-contract law.").

While "there is not a standalone cause of action for 'unjust enrichment,'" "unjust enrichment and restitution . . . describe the theory underlying a claim that a defendant has been unjustly conferred a benefit 'through mistake, fraud, coercion, or request.'"  Astiana, 783 F.3d at 762.  "The elements of an unjust enrichment claim are the receipt of a benefit and [the] unjust retention of the benefit at the expense of another."  Peterson v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | January 30, 2017 |
|---|---|---|---|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

Cellco P'ship, 164 Cal. App. 4th 1583, 1593 (2008) (quotation marks omitted); Vega v. Ocwen Fin. Corp., No. 2:14-cv-04408-ODW, 2015 WL 1383241, at *15 (C.D. Cal. Mar. 24, 2015) (same).  Plaintiff alleges that defendants charged a higher price for the Adore Products on the basis of their wrongful acts and omissions.  FAC ¶ 197; see also id. ¶ 17 ("Defendants charge a super-premium price for what is really a simple and low-cost cream." (quotation marks omitted)).  As a result, plaintiff avers that it would be inequitable for defendants to retain those unjustly obtained gains.  Id. ¶ 199.  The Court finds that plaintiff has adequately pleaded the elements of unjust enrichment.  Therefore, the Court **DENIES** UHI's motion to dismiss plaintiff's unjust enrichment claim.

## V.    CONCLUSION

In accordance with the foregoing, the Court:

- **GRANTS** Segev's motion to dismiss the FAC and **DISMISSES** plaintiff's claims against Segev without prejudice;
- **DENIES** UHI's motion to dismiss plaintiff's claims for injunctive relief;
- **DENIES** UHI's motion to dismiss plaintiff's claims pertaining to any product other than the CELLMAX kit;
- **GRANTS** UHI's motion and **DISMISSES** without prejudice plaintiff's claims that are based on laws other than those of California and New Jersey;
- **DENIES** UHI's motion to dismiss plaintiff's fraud-based claims;
- To the extent UHI requests that the Court dismiss plaintiff's CLRA, UCL, FAL, and CFA claims on the grounds that plaintiff only alleges lack of substantiation, the Court **DENIES** UHI's motion;
- **GRANTS** UHI's motion to dismiss plaintiff's MMWA claim and **DISMISSES** that claim without prejudice;
- **DENIES** UHI's motion to dismiss plaintiff's claims that are predicated on allegations that defendants' labels are misleading;
- **GRANTS** UHI's motion to dismiss plaintiff's claims that are predicated on allegations that defendants are marketing unapproved new drugs unlawfully, and **DISMISSES** any such claims without prejudice;
- **GRANTS** UHI's motion to dismiss plaintiff's claim for declaratory relief and **DISMISSES** that claim without prejudice; and
- **DENIES** UHI's motion to dismiss plaintiff's unjust enrichment claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:16-cv-07322-CAS(MRWx) | | Date | January 30, 2017 |
|----------|--------------------------|--|------|------------------|
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | | |

  Plaintiff shall have **twenty one (21) days** from the date of this order to file a second amended complaint addressing the deficiencies identified herein.

  IT IS SO ORDERED.

|  | 00 | : | 13 |
|--|----|---|----|
| Initials of Preparer | CL | | |