| | | | | |
|---|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** | **JS-6** |
| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | April 17, 2017 | |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | | |

| | | |
|---|---|---|
| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Michael Houchin | | Nathan Dooley |

**Proceedings:** DEFENDANT UNIVERSAL HANDICRAFT, INC.'S MOTION TO CHANGE VENUE (Dkt. 50, filed March 20, 2017)

## I. INTRODUCTION

On September 29, 2016, plaintiff Lisa Mollicone filed a class action complaint against defendants Shay Sabag Segev and Universal Handicraft, Inc. ("UHI"), doing business as Deep Sea Cosmetics and Adore Organic Innovations. Dkt. 1. The gravamen of plaintiff's claims is that defendants made false and misleading representations regarding the anti-aging properties of cosmetic products that defendants manufacture, market, and sell.

On December 19, 2016, plaintiff filed a first amended complaint. Dkt. 25 ("FAC"). As a result, on December 20, 2016, the Court denied as moot defendants' pending motions to dismiss the original complaint. Dkt. 26.

On January 30, 2017, the Court granted in part and denied in part defendants' motions to dismiss plaintiff's FAC. Dkt. 40. Plaintiff filed a second amended complaint on February 21, 2017. Dkt. 42 ("SAC").

In the operative SAC, plaintiff asserts thirteen claims on behalf of herself and all others similarly situated: (1) intentional fraud and deceit, pursuant to California Civil Code §§ 1709–1711; (2) fraud by omission and suppression of facts, pursuant to California Civil Code § 1710(3); (3) negligent misrepresentation; (4) rescission of purchase contracts based on fraudulent inducement; (5) rescission of purchase contracts based on illegality and violations of public policy; (6) quasi-contract/unjust enrichment; (7) breach of express warranties; (8) breach of the implied warranty of merchantability; (9) violations of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | April 17, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

§§ 1750 et seq.; (10) violations of California's False Advertising Law ("FAL"), Cal. Civ. Code. §§ 17500 et seq.; (11) violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.; (12) violations of New Jersey's Consumer Fraud Act ("CFA"), N.J.S.A. § 56:8-1 et seq.; and (13) violations of New Jersey's Truth-in-Consumer Contract Warranty and Notice Act ("TCCWNA"), N.J. Stat. Ann. §§ 56:12-14–56:12-18.

On March 20, 2017, UHI filed a motion to transfer venue pursuant to 28 U.S.C. § 1404(a). Dkt. 50 ("Motion"). UHI seeks to transfer this action to the Southern District of Florida, where UHI is located, or, in the alternative, to the District of New Jersey, where plaintiff resides. Id. Plaintiff filed her opposition on March 27, 2017, dkt. 51 ("Opp'n"), and UHI filed its reply on April 3, 2017, dkt. 53 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiff alleges the following facts.

UHI is organized under Florida laws and maintains its principal place of business in Miami Beach, Florida. SAC ¶ 21. Segev is believed to be residing in Florida. Id. ¶ 22.

UHI is a corporation that sells, distributes, manufactures, and advertises a line of "super premium cosmetics" under the Adore Organic Innovation product line. Id. ¶¶ 5, 21. Plaintiff contends that Segev is the president of UHI and that he "personally participated in, directed, and controlled the sales, distribution, manufacturing, and advertising of the Adore Products." Id. ¶ 22. Plaintiff avers that Segev was an agent of UHI and that UHI had actual or constructive knowledge of Segev's conduct. Id. ¶ 98. Segev allegedly abused UHI's organizational form to accomplish the fraudulent promotion of UHI's cosmetic products. Id. ¶ 101. Plaintiff alleges that Segev is liable for UHI's conduct because, inter alia: (a) Segev dominates and controls UHI to the extent that the independence of UHI is a sham; (b) UHI is undercapitalized; and (c) Segev intermingles the assets of UHI and several other companies that share the same address in Miami Beach, Florida. Id. ¶¶ 100–25. Plaintiff also avers that Segev actually participated in the unlawful conduct plaintiff alleges in her complaint, and is therefore personally liable for all such conduct. Id. ¶ 130.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'    JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | April 17, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

Defendants advertise their Adore Organic Innovation line as containing a "proven Plant Stem Cell formula . . . to enable your skin's own stem cells to renew and slow the aging process." Id. ¶ 5. The Adore Organic Innovation line includes CELLMAX Products—including a cream, serum, and mask, sold together as a CELLMAX Kit—that are touted as "proven to restore youthful appearance[.]" Id. ¶¶ 6–7. Defendants manufacture, market, and distribute at least 22 products that are substantially similar to the CELLMAX products because they contain the same types of "plant stem cells" and use almost identical labeling. Id. ¶ 8. Plaintiff refers to the CELLMAX products and substantially similar products as the "Adore Products." Id.

According to plaintiffs, defendants engaged in a "uniform marketing and advertising campaign designed to convince consumers that its Adore Organic Innovation Products are scientifically and clinically proven to provide consumers with dramatic anti-aging results." Id. ¶ 28. Plaintiff alleges that defendants' representations regarding the anti-aging effects of their products are false and misleading because the products neither "halt the aging process" nor are they "proven to store youthful appearance." Id. ¶ 11. Citing several statements from the Adore website, YouTube videos, and social media posts, plaintiffs assert that defendants' anti-aging claims are purportedly backed by scientific research. Id. ¶¶ 31–38. In addition, defendants provide a brochure, entitled "Adore Organic Innovation Science – Stem Cell Technology," in which defendants assert, inter alia, that "researchers" have concluded that "plant stem cells [could] be used to protect human skin stem cells[,]" and that "[e]xtensive studies have shown that Plant Stem Cell formula [sic] increases the vitality and efficiency of all essential skin cells[.]" Id. ¶¶ 39–43.

The plant stem cells that defendants use in their products are manufactured by Mibelle Biochemistry ("Mibelle"). Id. ¶ 11. The plant stem cells are a proprietary ingredient called "PhytoCellTec$^{TM}$". Id. According to Mibelle's research director, the anti-aging benefit of the plant stem cells "could not be confirmed at clinical trial." Id. ¶ 13. Plaintiff also cites statements from academics, doctors, and industry professionals who state that plant stem cells like those in the Adore Products cannot provide anti-aging benefits. Id. ¶¶ 50–58.

In addition, plaintiff alleges that Mibelle's process for preparing the plant stem cells results in "pulverized" plant stem cells that are no longer living and cannot possibly enable skin stem cells to renew. Id. ¶¶ 15–16, 61–63. As a result, "representations that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | April 17, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

the Adore Products somehow contain 'Plant Stem Cells' that can interact with human stem cells to provide anti-aging benefits are patently false. Id. ¶ 67.

Plaintiff alleges that the Adore Products are being sold unlawfully because the U.S. Food and Drug Administration ("FDA") has warned marketers of cosmetic products containing PhytoCellTec that their products violate federal law. Id. ¶ 17. The FDA has sent two warning letters to manufacturers of similar cosmetic products containing the active ingredient PhytoCellTec. Id. Plaintiff further contends defendants' products are "misbranded" under the Food, Drug, and Cosmetics Act, the California Health and Safety Code, and New Jersey regulations. Id. ¶¶ 184, 232–35, 258, 271.

Plaintiff alleges that defendants' Adore Products are misleading because defendants have copied the advertising ideas and style of the J'Adore product like by Christian Dior. Id. ¶¶ 73–75. Defendants are purportedly targeting consumers who are familiar with and customers of products offered under Dior's J'Adore brands, which likely misleads reasonable consumers. Id. ¶ 72.

Plaintiff alleges that the labels that defendants use on their CELLMAX products, along with material on defendants' website, create express and implied warranties on which plaintiff has relied. Id. ¶ 76. For example, the label of the CELLMAX Superior Facial Thermal Mask states:

> Treat your skin to the most advanced anti-aging science available today with CELLMAX Superior Facial Thermal Mask from Adore Organic Innovation. This unique self-heating mask not only smoothes deep lines and wrinkles but also encourages your skin to renew itself. As it gently warms to the touch, the mask prepares your skin to absorb our highest concentration of breakthrough anti-aging Plant Stem Cell formula. We enrich this anti-aging nutrient with extracts of chamomile, linden blossom and other all-natural ingredients to promote smooth skin texture. Vitamin E revives skin's appearance, leaving it fresh, clean and vibrant, while promoting youthful elasticity. All combined, it gives you phenomenal anti-aging action that helps reduce the look of wrinkles in moments while encouraging your skin to respond naturally by amplifying collagen levels that help restore youthful tone.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | April 17, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

Id. ¶ 77. Plaintiff includes similar language used on the labels of the CELLMAX facial cream and serum, along with the CELLMAX kit. Id. ¶¶ 79–84. Plaintiff alleges that she read and relied on the quoted representations and warranties in deciding to purchase the CELLMAX kit. Id. ¶ 85. Plaintiff further alleges that defendants make substantially similar representations and warranties regarding the efficacy of plant stem cells in 22 other products under the Adore Organic Innovation product line. Id. ¶ 86; see id. ¶ 87 (identifying products and quoting excerpts that describe them). Plaintiff alleges, on information and belief, that each of the 22 similar products contains PhytoCellTec. Id. ¶ 88.

     While plaintiff was in California in or around June 2014, she purchased the CELLMAX kit from a retail store located in Beverly Hills, California and had the products shipped to her home in New Jersey. Id. ¶¶ 4, 89–90. Plaintiff alleges that she purchased the kit in reliance on the representations and warranties made on the product packaging and defendants' website, including that the plant stem cells would provide anti-aging benefits. Id. ¶¶ 90, 92. Plaintiff contends that she purchased additional products that were substantially similar to the CELLMAX products, including the Adore Essence Facial Peeling Gel, the Adore Dreams Multi-Active Night Cream, and the Adore Essence Facial Detoxifying Cream Cleanser. Id. ¶ 91. Plaintiff avers that defendants' business records will reveal the exact products that plaintiff purchased that are substantially similar to the CELLMAX products. Id. Plaintiff paid approximately $1,000 for her purchases of Adore Products. Id. ¶ 93.

     Plaintiff contends that she would not have purchased the Adore Products, or would only have been willing to pay "significantly less" for them, had she known that the products did not provide the touted anti-aging benefits. Id. ¶¶ 18, 94. Nevertheless, plaintiff also alleges that she "would consider purchasing the Adore Products again," if they provided the claimed anti-aging benefits and if defendants disclosed to material facts about the products. Plaintiff further asserts that she "may once again purchase the adore products if they were labeled truthfully and in a manner not likely to mislead reasonable consumers." Id. ¶ 94.

     Plaintiff avers that defendants were constructively and actually aware that their products were ineffective for their advertised use, yet defendants continued to sell the Adore Products. Id. ¶ 96. Therefore, plaintiffs contend that defendants knowingly concealed from consumers the fact that the Adore Products were not effective at providing the advertised anti-aging benefits. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | April 17, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

## III.   LEGAL STANDARDS

A district court where venue is otherwise proper may nonetheless transfer an action pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Therefore, in deciding a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court must consider three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice.  28 U.S.C. § 1404(a); see Los Angeles Mem'l Coliseum Comm'n v. NFL, 89 F.R.D. 497, 499 (C.D. Cal. 1981).

In analyzing the "interests of justice," a number of factors are relevant, including:

(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof . . . [9] the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis [as is] [10] the relevant public policy of the forum state, if any.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 499 (9th Cir. 2000); see also Stewart Org. v. Ricoh Corp., 487 U.S. 22, 29-30 (1988).  However, "[s]ubstantial weight is accorded to the plaintiff's choice of forum, and a court should not order a transfer unless the 'convenience' and 'justice' factors set forth above weigh heavily in favor of venue elsewhere."  Catch Curve, Inc. v. Venali, Inc., 05-cv-04820-DDP-AJW, 2006 WL 4568799, at *1 (C.D. Cal. 2006).  The party seeking to transfer venue bears the burden of showing that convenience and justice require transfer.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 278–79 (9th Cir. 1979).  The decision to transfer lies within the sound discretion of the trial judge.  See Sparling v. Hoffman Constr. Co., 864 F.2d 635, 639 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | April 17, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

## IV.    DISCUSSION

As is relevant here, venue is proper in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]

28 U.S.C. § 1391(b).  The parties dispute whether Segev is a resident of Florida, and as a result, whether venue would be proper in the Southern District of Florida under Section 1391(b)(1).  See Motion at 3–4; Opp'n at 8; Reply at 7–9.  The Court notes that plaintiff herself alleges in the operative complaint that Segev is "domiciled in Florida" and is "believed to be residing in Florida." SAC ¶¶ 1, 22.  Furthermore, and contrary to plaintiff's characterization of UHI's answer, see Opp'n at 9, UHI does *not* deny in its answer that Segev is a resident of Florida.  See dkt. 46 ¶ 22.  Accordingly, the Court finds that venue is proper in the Southern District of Florida under Section 1391(b)(1).  Furthermore, it appears that venue in the Southern District of Florida is also proper under Section 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim[s]"—namely the alleged misrepresentations that UHI communicated through its website, YouTube videos, and social media posts, and Segev's conduct purportedly warranting alter ego liability—occurred in that district.[1]

Accordingly, the Court's analysis focuses on which forum would serve the convenience of the parties and witnesses and whether the interests of justice favor transfer.  See Los Angeles Mem'l Coliseum, 89 F.R.D. at 499.

---

[1] "[T]he substantiality of the operative events is determined by assessment of their ramifications for efficient conduct of the suit," Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001) (citation omitted), and can be "measured by considering the nexus between the events and the nature of the claims," Lee v. Corr. Corp. of Am., 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007) (quotation marks omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'  JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | April 17, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

### A. Convenience of the Parties

Plaintiff does not address or dispute UHI's argument that the Southern District of Florida would be more convenient for the parties. The defendants are located in the Southern District of Florida, and Florida is no more inconvenient—and likely more convenient—for plaintiff, who resides in New Jersey. Accordingly, the Court finds that the convenience of the parties weighs in favor of transfer to the Southern District of Florida.

### B. Convenience of the Witnesses

UHI argues that the Southern District of Florida is a more convenient venue for the witnesses because all party witnesses reside in Miami or New Jersey, the non-party witnesses whom plaintiff seeks to depose are located in Europe, and plaintiff has not identified witnesses or named class members who reside in this district. Motion at 4–5; dkt 50-1, Declaration of Nathan Dooley ¶ 9. Plaintiff contends that UHI has failed to identify with sufficient specificity the potential witnesses and their anticipated testimony. Opp'n at 10–12. In reply, UHI asserts that Segev and Natalie Cohen (formerly a member of the UHI Board of Directors, see SAC ¶ 113–15) would serve as witnesses and would have to travel from Miami, Florida to testify in this case. Reply at 11.

"The relative convenience to the witnesses is often recognized as the most important factor to be considered in ruling on a motion under § 1404(a). Importantly, [w]hile the convenience of party witnesses is a factor to be considered, the convenience of non-party witnesses is the more important factor." Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) (citation and quotation marks omitted).

Plaintiff is correct that UHI ought to have provided greater detail in its motion about the "witnesses it wishes to call, the anticipated areas of their testimony and its relevance, and the reasons why the present forum would present a hardship to them." See Bohara v. Backus Hosp. Med. Benefit Plan, 390 F. Supp. 2d 957, 963 (C.D. Cal. 2005). Nonetheless, all current and former UHI officers (including Cohen) are located in the Southern District of Florida. The only non-party witnesses that have been identified are employees of Mibelle Biochemistry of Switzerland, for whom Florida is as convenient than California. No party seeks to call a witness who reside in this district or in California. Accordingly, the Court finds that the convenience to the witnesses weighs in favor of transfer to the Southern District of Florida.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'    JS-6

| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | April 17, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. |

### C. Interests of Justice

Although a plaintiff's choice of forum is generally given deference, in this case, because plaintiff does not reside in this forum and because this case is a class action, the usual reasons for deferring to a plaintiff's choice of forum do not apply. See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987) ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."); cf. Pfeifer v. Himax Techs., Inc., 530 F. Supp. 2d 1121, 1124 (C.D. Cal. 2008) ("Ordinarily, a plaintiff's choice of forum is entitled to deference. This is not the case, however, when plaintiffs do not reside in the district, the operative facts have not occurred within the forum, the forum has no particular interest in the action, and plaintiffs are seeking to bring a class action." (citation omitted)).

UHI argues that the parties have minimal contacts with this district. Motion at 8. The Beverly Hills store where plaintiff allegedly purchased the Adore products is no longer in business, and the store was not owned or operated by UHI even while it was open. Id. Plaintiff has not alleged any other relationship with this district and UHI argues that there is no local interest in this controversy. Id. at 8–9. UHI further contends that the "access to evidence" factor counsels in favor of transfer because the relevant discovery will take place in the Southern District of Florida or in Switzerland. Id. at 9. UHI asserts that the evidence will include tangible items—not just documents that easily digitized—that are kept at UHI's office in Miami and would have to be shipped to this district. Reply at 11. Finally, UHI argues that court congestion and time to trial favors transfer to the Southern District of Florida, which has fewer cases pending and a shorter average time to trial. Motion at 9–10.

Plaintiff argues that ease of access to evidence is irrelevant in the age of electronic discovery. Reply at 12. Plaintiff further contends that this Court is more familiar with the applicable California law. Id. a 13. According to plaintiff, California has the predominant interest in this controversy because plaintiff purchased the products in California. Id. at 13–14. Finally, plaintiff argues that the data on which UHI relies regarding the time to trial is outdated, and the time to trial in the Southern District of Florida is only marginally faster at 4.2 months, compared to 5.0 months in this district. Id. at 14.

On balance, the Court, in its discretion, finds and concludes that the interests of justice weigh in favor of transferring this action to the Southern District of Florida.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' JS-6 |
|---|---|---|---|
| Case No. | 2:16-cv-07322-CAS(MRWx) | Date | April 17, 2017 |
| Title | LISA MOLLICONE v. UNIVERSAL HANDICRAFT, INC. ET AL. | | |

Although plaintiff allegedly visited a store in California to purchase the products at issue, the Court finds that the other factors that comprise the interests of justice, along with the convenience of the parties and the witnesses, outweigh any connection to this district. The Court therefore **GRANTS** UHI's motion to transfer this action to the Southern District of Florida.

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** UHI's motion to transfer this action to the Southern District of Florida.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |